NISSAN DIVISION OF NISSAN MOTOR CORPORATION IN U.S.A. v. FRED ANDERSON NISSAN, PAUL S. MEEKER AND MEEKER LINCOLN-MERCURY, INC.

No. 422PA93

(Filed 29 July 1994)

**Automobiles and Other Vehicles § 187 (NCI4th); Notice § 4 (NCI4th)— relocation of automobile dealership—objection by franchisor—registered or certified mail—U.S. Mail required**

The requirement of N.C.G.S. § 20-305(4) that a franchisor's objection to a proposed automobile dealership relocation be sent "by registered or certified mail, return receipt requested" refers exclusively to the delivery service offered by the U.S. Mail and not to a private delivery service that provides a signed receipt. Therefore, Nissan's objection to defendant's proposed relocation of its dealership was invalid under N.C.G.S. § 20-305(4) where it was delivered by Federal Express rather than by the U.S. Mail,

and Nissan waived objection by failing to send proper notice to defendant within the time provided in the statute.

**Am Jur 2d, Automobiles and Highway Traffic §§ 150 et seq.; Notice §§ 5-12, 32-40.**

**Validity, construction, and application of state statutes regulating dealings between automobile manufacturers, dealers, and franchisees. 82 ALR4th 624.**

Justice FRYE concurring in part, dissenting in part.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a decision of the Court of Appeals, 111 N.C. App. 748, 434 S.E.2d 224 (1993), reversing a judgment entered by Stephens, J., on 15 June 1993, in the Superior Court, Wake County. Heard in the Supreme Court on 10 May 1994.

*Smith, Helms, Mullis & Moore, by David M. Moore and James L. Gale; Latham & Watkins, by Maureen E. Mahoney, for the plaintiff-appellee.*

*Johnson, Gamble, Mercer, Hearn & Vinegar, by Richard J. Vinegar, for the defendant-appellant Fred Anderson Nissan.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, by Michael D. Meeker, for Paul S. Meeker and Meeker Lincoln-Mercury, Inc., intervenor-appellants.*

*Harry H. Harkins, Jr., for North Carolina Automobile Dealers Association, amicus curiae.*

MITCHELL, Justice.

The controlling facts in this case are not in dispute. In December of 1981, Fred Anderson Nissan (hereinafter "Anderson") entered into a "Nissan Dealer Sales and Service Agreement" (hereinafter "agreement") with the Nissan Division of Nissan Motor Corporation. Under the terms of the agreement, Anderson was to obtain written consent from Nissan prior to relocating the dealership.

In March of 1991, Anderson learned that Paul Meeker, the owner and sales operator of Meeker Lincoln-Mercury, Inc., was interested in selling his facility located at 252 Patton Avenue in Asheville, North Carolina. On 24 May 1991, Anderson, having outgrown its location at 585 Tunnel Road in Asheville, entered into an "Asset Sales Agree-

ment" with Meeker, which would have enabled Anderson to move to the Patton Avenue site. This agreement was conditioned on Anderson's ability to obtain approval from Nissan for the relocation. Nissan, having heard of Anderson's relocation plans, sent Anderson a letter dated 24 May 1991 informing the dealership that it opposed the move. Anderson replied by letter dated 29 May 1991 that it was merely considering the relocation. Then, on 3 July 1991, Nissan again informed Anderson by letter that it opposed the relocation.

On 3 October 1991, pursuant to N.C.G.S. § 20-305(4), Anderson's general manager personally delivered written notice to Nissan of Anderson's intention to relocate. Nissan continued to oppose the relocation. Nissan sent its notice of objection by Federal Express within the 30-day period prescribed by N.C.G.S. § 20-305(4).

On 27 November 1991, Anderson filed a petition for a hearing with the Commissioner of Motor Vehicles. *See* N.C.G.S. § 20-305(4) (1993). In its petition, Anderson alleged that Nissan's objection to Anderson's proposed dealership relocation was invalid under N.C.G.S. § 20-305(4) since it was delivered by private delivery service rather than U.S. Mail. Anderson also moved for summary judgment, contending that Nissan had waived any objection to the relocation by failing to serve Anderson with proper notice. The hearing officer granted Anderson's motion for summary judgment on the basis that Nissan's service of notice by private delivery service was insufficient. Nissan appealed to the Superior Court, Wake County, and on 13 April 1992 Judge Donald W. Stephens affirmed the hearing officer's decision granting Anderson's motion for summary judgment.

Nissan appealed to the Court of Appeals which reversed the decision of the Superior Court. The majority concluded that "where the controlling statute does not specifically require United States mail, delivery by Federal Express, which provides a signed receipt verifying delivery, is registered mail within the meaning of the statute." *Nissan Motor Corp. v. Fred Anderson Nissan*, 111 N.C. App. 748, 756, 434 S.E.2d 224, 229 (1993). Judge Wells did not "agree that the General Assembly intended to include Federal Express mail" under N.C.G.S. § 20-305(4). *Id.* at 757, 434 S.E.2d at 229. Judge Wells nevertheless concurred, reasoning that it was unnecessary even to consider that question since he could not "discern any harm or prejudice to [Anderson] from [Nissan's] failure to follow the statutory directive in sending its letter." *Id.* We reverse.

## NISSAN MOTOR CORP. v. FRED ANDERSON NISSAN

[337 N.C. 424 (1994)]

Anderson contends that the Court of Appeals erroneously concluded that notice by a private delivery service that provides a signed receipt constitutes "registered or certified mail, return receipt requested" in accordance with N.C.G.S. § 20-305(4). We agree.

Only a few courts in other jurisdictions have considered whether Federal Express constitutes mail. The United States Courts of Appeal for the Fifth and Seventh Circuits have held that it does not. *Audio Enterprisers v. B & W Loudspeakers*, 957 F.2d 406 (7th Cir. 1992); *Prince v. Poulos*, 876 F.2d 30 (5th Cir. 1989). Further, we have found no appellate decision, other than the decision filed by the Court of Appeals in this case, that has held that Federal Express or any other private delivery service constitutes "registered or certified mail."

Traditionally, we have strictly construed notice statutes. *See, e.g., Guthrie v. Ray*, 293 N.C. 67, 235 S.E.2d 146 (1977); *In re Harris*, 273 N.C. 20, 159 S.E.2d 539 (1968); *S. Lowman v. Ballard & Co.*, 168 N.C. 16, 84 S.E. 21 (1915). N.C.G.S. § 20-305(4) provides, in pertinent part:

> No franchise may be . . . relocated . . . unless the franchisor has been given at least 30 days' prior written notice as to the . . . location and site plans of any proposed relocation. The franchisor shall send the dealership notice of objection, *by registered or certified mail, return receipt requested,* to the proposed . . . relocation . . . within 30 days after receipt of notice from the dealer . . . . Failure by the franchisor to send notice of objection within 30 days shall constitute waiver by the franchisor of any right to object to the proposed . . . relocation . . . .

(Emphasis added.) We conclude that the General Assembly intended for the phrase "registered or certified mail, return receipt requested" to refer exclusively to the delivery service offered by the U.S. Mail and not to notice delivered by any private delivery service. Strictly construing the above statute, we conclude that Nissan has waived any objection to Anderson's proposed relocation.

Nissan directs our attention to what it deems to be the "first sentence" of the notice requirement of N.C.G.S. § 20-305(4)—"The franchisor shall send the dealership notice of objection, by registered or certified mail, returned receipt requested, to the proposed . . . relocation . . . within 30 days after receipt of notice from the dealer . . . ." Nissan contends that this "first sentence" does not expressly require that notice be sent through the U.S. Mail and, therefore, notice sent through private delivery services is proper under the statute. Nissan

argues that the General Assembly easily could have inserted language that would have provided for exclusive use of the U.S. Mail if it had intended for franchisors to send notice exclusively in this manner.

Nissan cites the opinion of the Court of Appeals in *Warzynski v. Empire Comfort Systems*, 102 N.C. App. 222, 401 S.E.2d 801 (1991), which held that the phrase "any form of mail," as used in N.C.G.S. § 1A-1, Rule 4(j3) relating to service of process in foreign countries includes Federal Express. But this decision does not alter our conclusions in the present case.

It is clear that, in adopting N.C.G.S. § 20-305(4), our legislature intended for "mail" to refer solely to U.S. Mail. The phrase "registered or certified mail, return receipt requested" specifically denotes a mailing privilege offered by the U.S. Mail for a certain fee. One reasonable purpose for requiring notice by registered or certified mail is to distinguish the manufacturer's notice of objection from the correspondence that dealers receive daily from their franchisors by Federal Express and regular U.S. Mail. The dealership will be made aware of the notice if it is sent in an exclusive manner.

Nissan next focuses on what it terms the "second sentence" of the notice requirement of section 20-305(4): "Failure by the franchisor to send notice of objection within 30 days shall constitute waiver by the franchisor of any right to object to the proposed . . . relocation . . . ." Nissan contends that the "first sentence" of the notice requirement refers both to the manner of sending notice and the timing of the notice. The "second sentence," however, refers only to the timing of the notice. Nissan therefore argues that as long as the notice of objection is timely, failure to deliver the notice in the manner prescribed in the "first sentence" will not constitute waiver.

In support of its interpretation, Nissan notes that the Supreme Court of the United States interpreted provisions of the Miller Act (which required subcontractors to deliver written notice to contractors before suing on a performance bond) in a similar fashion. *See Fleisher Engineering and Construction Co. v. United States*, 311 U.S. 15, 16, 85 L. Ed. 12, 14 (1940) (reasoning that Congress had drawn a "distinction . . . between the provision explicitly stating the condition precedent to the right to sue and the provision as to the manner of serving notice"). We find no such distinction between the timing requirement in the "first sentence" and manner of notice in the "second sentence" of the requirement for notice to the dealership contained in N.C.G.S. § 20-305(4). Instead, we conclude that the leg-

**NISSAN MOTOR CORP. v. FRED ANDERSON NISSAN**

[337 N.C. 424 (1994)]

islature meant for the "second sentence" to refer back to the first. The "second sentence" therefore requires that notice of objection must be sent in the manner prescribed by the "first sentence." Use of the word "shall" evidences the intention that the franchisor send notice to its dealer by U.S. Mail ("registered or certified mail, return receipt requested") and U.S. Mail only. If a franchisor sends notice through a private delivery service within the prescribed time, the notice is still invalid. We do not find *Fleisher* persuasive, and we are not compelled to follow the method of statutory interpretation preferred by the Supreme Court of the United States when we are interpreting state law.

Nissan was required to use the U.S. Mail when sending notice of its objection to the relocation of the Anderson dealership. Since the language of the statute requires that notice be sent through "registered or certified mail, return receipt requested" and provides that failure to do so "shall constitute waiver," Nissan waived any objection to Anderson's proposed relocation by sending its notice by Federal Express.

For the foregoing reasons, we conclude that the Court of Appeals erred in holding that notice by a private delivery service that provides a signed receipt constitutes notice by "registered or certified mail, return receipt requested" in accordance with N.C.G.S. § 20-305(4). The decision of the Court of Appeals is reversed and this case is remanded to that court for further remand to the Superior Court, Wake County, for reinstatement of the summary judgment for the defendants.

REVERSED AND REMANDED.

Justice FRYE concurring in part, dissenting in part.

I agree with the majority that the Court of Appeals erred in concluding that notice by Federal Express constitutes mail within the meaning of N.C.G.S. § 20-305(4). I conclude however, as did Judge Wells in the Court of Appeals, that defendant has suffered no prejudice here. I therefore dissent from that portion of the majority opinion holding that because plaintiff sent its notice of objection through Federal Express rather than U.S. Mail it has waived any objection to defendant's proposed relocation.

The purpose of the North Carolina Motor Vehicle Dealers and Manufacturers Licensing Law is to address the historical disparity in

the bargaining positions between manufacturers and dealers and to provide some protection for local dealers and the public from abuse of the franchise system by manufacturers. N.C.G.S. § 20-285 (1993); *American Motors Sales Corp. v. Peters*, 311 N.C. 311, 317 S.E.2d 351 (1984); *Mazda Motors v. Southwestern Motors*, 36 N.C. App. 1, 243 S.E.2d 793 (1978), *rev'd in part on other grounds*, 296 N.C. 357, 250 S.E.2d 250 (1979). As noted by Judge Wells in his concurring opinion in the Court of Appeals, the purpose of the notice requirement of section 20-305(4) is "to prevent franchisors from stonewalling proposed dealership changes or modifications by not responding to the dealer's request or proposal." *Nissan Motor Corp. v. Fred Anderson Nissan*, 111 N.C. App. 748, 756, 434 S.E.2d 224, 229 (1993). In this case, this purpose was attained, although there was not strict adherence to the statute as we have now interpreted it. On 3 October 1991, defendant personally delivered to plaintiff notice of its intent to relocate. Plaintiff responded indicating its opposition to the proposed relocation by a letter dated 31 October 1991, which was delivered by Federal Express on 1 November 1991. Further, the record indicates that one of plaintiff's representatives telephoned defendant's general manager on 1 November to confirm that the notice was received and read. Defendant confirmed receipt of the notice. On 27 November 1991 defendant filed its petition for a hearing which was held on 6 January 1992. Thus, this dealer received a timely response to its request to relocate and consideration of this request—through a hearing pursuant to section 20-305(4)—took place without delay.

The only consequence of plaintiff's use of Federal Express was that defendant most likely received notice of plaintiff's objection sooner than if the notice had been delivered by U.S. Mail. At no time has defendant contended that plaintiff's response was not promptly received. In fact, it was in response to plaintiff's notice of opposition to the relocation that defendant requested a hearing. Under these circumstances, I conclude that defendant suffered no harm as a result of plaintiff's sending its notice of objection to the relocation by Federal Express rather than by U.S. Mail as we now determine the statute requires.