ANTOINETTA DEMETRIA FULTON, Plaintiff v. ZOTIS KENNETH MICKLE, Defendant

No. COA98-1046

(Filed 17 August 1999)

**1. Process and Service— notice—summary judgment—failure to strictly adhere to statutory requirements**

The trial court did not err in granting summary judgment for unnamed defendant Integon General Insurance Corporation in a case arising out of an automobile accident when plaintiff served a copy of the summons and complaint on Integon by regular mail to its claims examiner because: (1) the process was not sent certified or registered mail, return receipt requested, and (2) process

was not addressed to an officer, director, or agent authorized to receive service of process.

**2. Notice— actual—summary judgment—no presumption because did not strictly adhere to rules—statute of limitations barred claim**

The trial court did not err in granting summary judgment for unnamed defendant Integon General Insurance Corporation in a case arising out of an automobile accident because although Integon had actual notice of the proceedings, plaintiff is not entitled to any presumption that the claims examiner acted as an agent of Integon for purposes of receiving process since her method of service did not meet the requirements of Rule 4 and plaintiff filed her second complaint after it was already time-barred by the statute of limitations.

Appeal by plaintiff from order entered 5 March 1998 by Judge Michael E. Beale in Guilford County Superior Court. Heard in the Court of Appeals 21 April 1999.

*Joseph L. Anderson & Associates, P.C., by Joseph L. Anderson, for plaintiff-appellant.*

*Frazier, Frazier & Mahler, L.L.P., by Torin L. Fury, for unnamed defendant-appellee Integon Insurance Corporation.*

*No brief filed for defendant-appellee Zotis Kenneth Mickle.*

TIMMONS-GOODSON, Judge.

Antoinetta Demetria Fulton ("plaintiff") appeals from an order granting summary judgment to unnamed defendant Integon General Insurance Corporation ("Integon") as to all claims alleged in plaintiff's complaint. For the reasons articulated in the following analysis, we affirm the ruling of the trial court.

On 24 April 1994, plaintiff sustained personal injuries and property damage when an automobile driven by Zotis Kenneth Mickle ("defendant") collided with plaintiff's vehicle. Plaintiff instituted a negligence action against defendant on 14 August 1996. After learning that defendant was uninsured, plaintiff mailed a copy of the summons and complaint to her insurance company, Integon, by regular mail on 16 August 1996. She addressed the process to the attention of Integon Claims Examiner Tammy Collins. After Integon received a copy of the complaint, plaintiff's attorney and Mary Levenson, senior attorney at

FULTON v. MICKLE

[134 N.C. App. 620 (1999)]

Integon, corresponded several times regarding extensions of time for Integon to file a responsive pleading in light of a potential settlement. Several weeks passed, however, and settlement negotiations broke down. Integon filed an answer on 9 December 1996, which included motions to dismiss for lack of jurisdiction, insufficiency of service of process, and insufficiency of process. The three-year statute of limitations on plaintiff's claim ran on 24 April 1997. On 20 October 1997, prior to the hearing on Integon's motions, plaintiff voluntarily dismissed her complaint without prejudice and, on 3 November 1997, plaintiff refiled her action.

The new summons and complaint were served on Integon via the Commissioner of Insurance on 23 November 1997. Integon filed an answer on 8 December 1997, asserting as an affirmative defense that the applicable statute of limitations had expired. Thereafter, Integon filed a motion for summary judgment, and following a hearing on the motion, the trial court entered summary judgment for Integon on 5 March 1998. Plaintiff appeals.

---

[1] By this appeal, plaintiff contends that the trial court erred in entering summary judgment for Integon. Plaintiff argues that despite her noncompliance with the statutes governing service of process on a domestic corporation, Integon received actual notice of the complaint and, thus, service of the original summons and complaint was valid. We must disagree.

Pursuant to Rule 56(c) of the North Carolina Rules of Civil Procedure, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.R. Civ. P. 56(c). A defendant moving for summary judgment bears the burden of showing that no triable issue of fact exists on the record before the court or that the plaintiff's claim is fatally flawed. *Caldwell v. Deese*, 288 N.C. 375, 378, 218 S.E.2d 379, 381 (1975). In deciding whether to grant or deny the motion, the trial court must draw all inferences of fact against the moving party and in favor of the party opposing summary judgment. *Id.* at 378, 218 S.E.2d at 381. On appeal from a ruling by the trial court on a motion for summary judgment, the question for our determination is whether the court's conclusions of law were correct. *Ellis v. Williams*, 319 N.C. 413, 415, 355 S.E.2d 479, 481 (1987).

**FULTON v. MICKLE**

[134 N.C. App. 620 (1999)]

Under Rule 4(j)(6) of the Rules of Civil Procedure, service of process on a corporation may be accomplished in one of the following manners:

a. By delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office; or

b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service or [of] process or by serving process upon such agent or the party in a manner specified by any statute.

c. By mailing a copy of the summons and of the complaint registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served as specified in paragraphs a and b.

N.C.R. Civ. P. 4(j)(6). In addition, section 58-16.30 of the General Statutes provides, in part, that:

As an alternative to service of legal process under G.S. 1A-1, Rule 4, the service of process upon any insurance company . . . licensed or admitted and authorized to do business in this State under the provisions of this Chapter may be made by the sheriff or any other person delivering and leaving a copy of the process in the office of the Commissioner with a deputy or any other person duly appointed by the Commissioner for that purpose[.] . . . Service may also be made by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the Commissioner.

N.C. Gen. Stat. § 58-16.30 (Cum. Supp. 1997).

Generally, where a statute specifically prescribes the method by which to notify a party against whom a proceeding is commenced, service of the summons and complaint must be accomplished in that manner. *Nissan Motor Corp. v. Fred Anderson Nissan*, 111 N.C. App. 748, 756, 434 S.E.2d 224, 228 (1993), *rev'd on other grounds*, 337 N.C. 424, 445 S.E.2d 600 (1994). Similarly, " 'a person relying on the service of a notice by mail must show strict compliance with the requirements of the statute.' " *In re Appeal of Harris*, 273 N.C. 20, 24, 159 S.E.2d 539, 543 (1968) (quoting 66 C.J.S., *Notice* § 18(e)(1), p. 663).

**FULTON v. MICKLE**

[134 N.C. App. 620 (1999)]

Although defective service of process may sufficiently give the defending party actual notice of the proceedings, "such actual notice does not give the court jurisdiction over the party." *Johnson v. City of Raleigh*, 98 N.C. App. 147, 149, 389 S.E.2d 849, 851 (1990).

In the instant case, plaintiff served Integon by mailing a copy of the summons and complaint, regular mail, to the Claims Examiner, Tammy Collins. Under Rule 4(j)(6)c of the Rules of Civil Procedure, this method of service fails in two respects: First, the process was not sent certified or registered mail, return receipt requested, and second, the process was not addressed to an officer, director, or agent authorized to receive service of process. Plaintiff's failure to strictly adhere to the statutory requirements of service by mail rendered the 16 August 1996 service on Integon invalid.

[2] Nevertheless, plaintiff contends that because Integon received actual notice of the proceedings, "the spirit of Rule 4, if not the letter, was satisfied," and service on Integon was valid. In support of this proposition, plaintiff points to our decision in *Fender v. Deaton*, 130 N.C. App. 657, 503 S.E.2d 707 (1998), *disc. review denied*, 350 N.C. 94, —— S.E.2d —— (1999), and the North Carolina Supreme Court's decision in *Harris v. Maready*, 311 N.C. 536, 319 S.E.2d 912 (1984). However, the cases upon which defendant relies are readily distinguishable from the present case and, thus, have no bearing on the facts before us.

In *Fender*, the plaintiffs attempted service of the summons and complaint by certified mail, pursuant to Rule 4(j)(1)c. The certified mail was addressed to the defendant at his law firm, and defendant's wife, an employee of the firm who regularly received, opened, and distributed the mail within the office, accepted and signed for the mailed process. The defendant received the summons and complaint the following day. After attempting service, the plaintiffs' attorney filed an affidavit stating that "a copy of the summons and complaint was deposited in the United States Post Office for mailing by certified mail, return receipt requested, and addressed to defendant." 130 N.C. App. at 658, 503 S.E.2d at 707. Upon motion of the defendant, the trial court dismissed the plaintiff's complaint for lack of proper service under Rules 12(b)(4) and (5). On appeal, this Court concluded that "[t]he affidavit filed by the plaintiffs . . . together with the signed receipt by [the defendant's wife], established a presumption that she acted as agent for defendant in receiving and signing for the certified mail." *Id.* at 663, 503 S.E.2d at 710. Because the defendant failed to rebut this presumption, we held that the requirements for service of

**FULTON v. MICKLE**

[134 N.C. App. 620 (1999)]

process under Rule 4 of the Rules of Civil Procedure had been satisfied. *Id.* at 663, 503 S.E.2d at 711.

Unlike the plaintiffs in *Fender*, plaintiff, in the present case, addressed the summons to Integon Claims Examiner Tammy Collins, who was not an officer, director, or agent authorized to accept service of process. Moreover, plaintiff sent the process by regular, rather than certified mail. Under these circumstances, plaintiff is not entitled to any presumption that Collins was acting as an agent of Integon for purposes of receiving process. Pursuant to our holding in *Fender*, the method of service employed by plaintiff did not meet the requirements of Rule 4.

In *Maready*, a deputy sheriff personally delivered a copy of a summons to Maready in the reception area of his law firm. However, the copy actually delivered was of a summons directed to another defendant, C. Roger Harris. On appeal from a decision of this Court affirming the trial court's dismissal of the summons and complaint as to Maready for insufficient service of process, the Supreme Court stated the following:

> Obviously, the deputy sheriff in Forsyth County simply delivered Maready a copy of the summons directed to Harris. It is also obvious that no amount of diligence by the plaintiff or her counsel would have revealed this mistake by the deputy sheriff.

> Although the copy of the summons actually handed to the defendant Maready was a copy of the wrong summons, we are persuaded that . . . the mandates of Rule 4 have been met.

311 N.C. at 543, 319 S.E.2d at 917.

Here, unlike in *Maready*, the record does not show a mistake in delivery of the summons and complaint that was beyond plaintiff's control. Indeed, the record reveals that plaintiff had ample opportunity to cure the defect in service prior to the expiration of the statute of limitations. When Integon filed its answer on 9 December 1996, it asserted the insufficiency of service of process as one of its defenses. At that time, plaintiff still had in excess of four months—until 24 April 1997—to achieve proper service upon Integon. Given these facts, plaintiff's reliance on *Maready* is misplaced.

For the foregoing reasons, we hold that plaintiff's original complaint was improperly served upon Integon and that plaintiff's second complaint, filed 23 November 1997, was time-barred. Therefore, the

BUELTEL v. LUMBER MUT. INS. CO.

[134 N.C. App. 626 (1999)]

trial court correctly entered summary judgment for Integon. In addition, we have examined plaintiff's remaining arguments and find them to be without merit.

The order granting summary judgment for Integon is

AFFIRMED.

Judges LEWIS and HORTON concur.