**THOMAS & HOWARD CO. v. TRIMARK CATASTROPHE SERVS., INC.**

[151 N.C. App. 88 (2002)]

THOMAS & HOWARD COMPANY, INC., PLAINTIFF v. TRIMARK CATASTROPHE SERV-
ICES, INC., MINTZ, FLORA & HIGHSMITH, INC., AND UNIQUE EXPRESSIONS
CARPET & INTERIORS, INC., DEFENDANTS

No. COA01-433

(Filed 18 June 2002)

**Process and Service— foreign corporation—motion to dis-
miss—sufficiency of service of process—personal jurisdic-
tion—estoppel**

The trial court did not err in a negligence and breach of con-
tract case by granting defendant foreign corporation's motion to
dismiss based on insufficient service of process and resulting
lack of personal jurisdiction even though plaintiff served defend-
ant's agent in Texas, because: (1) plaintiff improperly served
defendant by mailing a copy of the summons and complaint by
regular mail, rather than certified mail; (2) the mailing of the sum-
mons and complaint occurred before the documents had been
filed or signed by the clerk of court; (3) no additional action was
taken to effectively serve defendant, even after an administrative
order was issued discontinuing the case; (4) there is no evidence
that service was ever effectuated upon the registered agent for
North Carolina as required by N.C.G.S. § 1A-1, Rule 4(j)(6); and
(5) defendant's request for extensions of time did not estop
defendant from later asserting jurisdictional defenses.

Appeal by plaintiff from judgment entered 4 December 2000 by
Judge B. Craig Ellis in Cumberland County Superior Court. Heard in
the Court of Appeals 24 January 2002.

*Brown, Crump, Vanore & Tierney, L.L.P., by Michael W.
Washburn, for plaintiff-appellant.*

*Smith Debnam Narron Wyche Story & Myers, L.L.P., by Connie
E. Carrigan, for defendant-appellee.*

TIMMONS-GOODSON, Judge.

Thomas & Howard Company, Inc. ("plaintiff") appeals from an
order granting Trimark Catastrophe Services' ("defendant") motion to
dismiss for insufficient service of process and resulting lack of per-
sonal jurisdiction. For the reasons stated herein, we affirm the ruling
of the trial court.

**THOMAS & HOWARD CO. v. TRIMARK CATASTROPHE SERVS., INC.**

[151 N.C. App. 88 (2002)]

Defendant is a Texas corporation authorized to conduct business in North Carolina with a registered office located in Mooresville, North Carolina and a designated registered agent for service, Bill Highsmith. In September of 1996, defendant entered into a contract with plaintiff, a food distribution business, in order to assist in the completion of repairs in the wake of Hurricane Fran. These repairs included the replacement of vinyl flooring in the facility owned and operated by plaintiff. The defendant subsequently retained Mintz, Flora & Highsmith, Inc. ("Mintz") to oversee the floor repairs. Mintz subsequently entered into a subcontract with Unique Expressions Carpet & Interiors, Inc. ("Unique") for installation of the floor.

On or around 1 January 1997, the flooring adhesive which held the tiles together began to seep onto the finished surface, creating an "unsightly" appearance and causing the tiles to loosen. Plaintiff subsequently contacted the Harleysville Insurance Group who filed a claim on behalf of plaintiff against defendant for the alleged deficiencies.

On 30 December 1999, plaintiff filed a complaint against defendant claiming negligence and breach of contract for damages sustained as a result of the deficiencies in the vinyl flooring. The summons and complaint were mailed to Vince Marshall, a registered agent of defendant located in Wylie, Texas. Defendant received a copy of plaintiff's complaint through first-class mail in January of 2000. Defendant then contacted counsel for plaintiff in order to discuss pending claims. In September of 2000, the parties reached an impasse in the negotiations, whereupon Vince Marshall then retained the services of Smith Debnam Narron Wyche Story & Myers, L.L.P., to represent Trimark's interest in this North Carolina lawsuit. Upon obtaining an extension of time to file an answer, counsel for defendant reviewed the court file and discovered that none of the defendants, including Mintz and Unique, had been served in any manner authorized by law. The court file also contained an administrative order entered 10 August 2000 discontinuing the action pursuant to Rule 4(e) of the North Carolina Rules of Civil Procedure due to insufficient service of process.

Defendant filed a motion to dismiss plaintiff's complaint, asserting insufficient service of process. On 4 December 2000, an order granting defendant's motion to dismiss was entered. Plaintiff appeals from this order.

The issue presented by this appeal is whether the trial court obtained personal jurisdiction over defendant. Plaintiff concedes that its method of service on defendant of the summons and complaint was "technically defective." However, plaintiff contends that defendant was estopped from asserting jurisdictional defenses as grounds for dismissal of the complaint. For the following reasons, we disagree.

At the outset, we note that the trial court entered the order dismissing plaintiff's action without making any findings of fact. "[O]n a motion to dismiss for insufficiency of process where the trial court enter[s] an order without making findings of fact," our review is limited to determining whether, as a matter of law, the manner of service of process was correct. *Winter v. Williams*, 108 N.C. App. 739, 741, 425 S.E.2d 458, 459, *disc. review denied*, 333 N.C. 578, 429 S.E.2d 578 (1993).

In order for a court to exercise personal jurisdiction over a defendant, the issuance of summons and service of process must comply with one of the statutorily specified methods. *See* N.C. Gen. Stat. § 1A-1, Rule 4 (2001). Rule 4 of the North Carolina Rules of Civil Procedure provides the methods by which a summons and complaint must be served in order to obtain personal jurisdiction. Pursuant to Rule 4(j)(6), service of process on a corporation may be effectuated by one of the following methods:

a. By delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office; or

b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.

c. By mailing a copy of the summons and of the complaint registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served as specified in paragraphs a and b.

N.C. Gen. Stat. § 1A-1, Rule 4(j)(6) (2001).

N.C. Gen. Stat. § 55-15-10 (1999) sets forth the procedure for service of process on foreign corporations. Section 55-15-10 provides

that service on the registered agent is the typical method of service of process on a qualified foreign corporation authorized to transact business in this state. However, if the corporation does not have a registered agent, or if the agent cannot, with due diligence, be found at the registered office, section 55-15-10(b) authorizes service upon the Secretary of State. N.C. Gen. Stat. § 55-15-10 (b) (1999) (repealed 2001).

"Generally, where a statute specifically prescribes the method by which to notify a party against whom a proceeding is commenced, service of the summons and complaint must be accomplished in that manner." *Fulton v. Mickle*, 134 N.C. App. 620, 623, 518 S.E.2d 518, 520-21 (1999). While a defective service of process may give the defending party sufficient and actual notice of the proceedings, such "actual notice does not give the court jurisdiction over the party." *Id.* at 624, 518 S.E.2d at 521 (quoting *Johnson v. City of Raleigh*, 98 N.C. App. 147, 149, 389 S.E.2d 849, 851, *disc. review denied*, 327 N.C. 140, 394 S.E.2d 176 (1990). "Absent valid service of process, a court does not acquire personal jurisdiction over the defendant and the action must be dismissed." *Glover v. Farmer*, 127 N.C. App. 488, 490, 490 S.E.2d 576, 577 (1997), *disc. review denied*, 347 N.C. 575, 502 S.E.2d 590 (1998).

Our examination of the record in the instant case reveals that service was not sufficient to give the trial court personal jurisdiction over defendant. First, the facts reveal plaintiff served defendant by mailing a copy of the summons and complaint by regular mail, rather than certified mail. Further, the mailing of the summons and complaint occurred before the documents had been filed or signed by the Clerk of Court. No additional action was taken to effectively serve defendant, even after an administrative order was issued discontinuing the case. Second, there is no evidence in the record that service was ever effectuated upon the registered agent for North Carolina, Bill Highsmith. N.C. Gen. Stat. § 1A-1, Rule 4(j)(6) provides the manner upon which service is to be made upon foreign corporations having registered offices and registered agents in the state of North Carolina. While service of process upon a registered agent in Texas may have given defendant actual notice of the lawsuit, it did not confer jurisdiction over defendant.

In the face of such abundant evidence supporting defective service of process, and a concession that service was technically defective, plaintiff contends that defendant was estopped from asserting jurisdictional defenses.

THOMAS & HOWARD CO. v. TRIMARK CATASTROPHE SERVS., INC.

[151 N.C. App. 88 (2002)]

"The doctrine of [equitable] estoppel is a means of preventing a party from asserting a defense which is inconsistent with his prior conduct." *Purser v. Heatherlin Properties*, 137 N.C. App. 332, 337, 527 S.E.2d 689, 692, *disc. review denied*, 352 N.C. 676, 545 S.E.2d 428 (2000). The essential elements of equitable estoppel are:

> (1) conduct on the part of the party sought to be estopped which amounts to a false representation or concealment of material facts; (2) the intention that such conduct will be acted on by the other party; and (3) knowledge, actual or constructive, of the real facts. The party asserting the defense must have (1) a lack of knowledge and the means of knowledge as to the real facts in question; and (2) relied upon the conduct of the party sought to be estopped to his prejudice.

*Parker v. Thompson-Arthur Paving Co.*, 100 N.C. App. 367, 370, 396 S.E.2d 626, 628-29 (1990).

In the instant case, plaintiff alleges that defendant agreed not to assert any jurisdictional defenses in order to secure an extension of time upon which to file an answer. Plaintiff contends that due to defendant's conduct in securing extensions of time, defendant is now estopped from asserting any jurisdictional defenses. We disagree.

Although not specifically addressing the estoppel issue, we find *Fulton v. Mickle*, 134 N.C. App. 620, 518 S.E.2d 518 (1999), instructive on this matter. In *Fulton*, plaintiff served defendant insurance company by mailing a copy of the summons and complaint to defendant's claim examiner by regular mail. This Court held that under 4(j)(6)(c) of the North Carolina Rules of Civil Procedure, this method failed for the following reasons: (1) process was not sent by certified or regular mail and (2) "process was not addressed to an officer, director, or agent authorized to receive service of process." *Id.* at 624, 518 S.E.2d at 521. Plaintiff's failure "to strictly adhere to the statutory requirements of service by mail" rendered service on defendant invalid. *Id.* This Court further held that "the record does not show a mistake in delivery of the summons and complaint that was beyond plaintiff's control. . . . Indeed the record reveals that plaintiff had ample opportunity to cure the defect in service prior to the expiration of the statute of limitations." *Id.* at 625, 518 S.E.2d at 522. Therefore, without specifically addressing the estoppel issue, the Court reached this holding even though defendant had requested several extensions of time to file a responsive pleading. Clearly, in *Fulton*, the defendant's

**THOMAS & HOWARD CO. v. TRIMARK CATASTROPHE SERVS., INC.**

[151 N.C. App. 88 (2002)]

request for extensions of time did not estop defendant from later asserting jurisdictional defenses.

Similarly in the present case, the record reveals no evidence of plaintiff properly locating or serving defendant's registered agent in this state, or any other manner of service as authorized by our Rules of Civil Procedure. Plaintiff had ample opportunity to cure the defect even after an administrative order had been entered discontinuing the case. Further, there is no indication that defendant represented to plaintiff that all service and jurisdictional defenses would be waived upon the granting of an extension of time. Instead, the record indicates that defendant's agreement not to dispute the sufficiency of service was contingent upon the fact that service was, in fact, valid. However, upon review of the court file, defendant discovered that no defendants in this action were properly served. We therefore conclude that defendant was not estopped from arguing for dismissal based upon lack of service of process because service upon defendant's agent in Texas was improper. This assignment of error is therefore overruled.

Plaintiff next contends that defendant's motion pursuant to 12(b)(6) of the North Carolina Rules of Civil Procedure should not serve as a basis for dismissal of the case. However, plaintiff has cited no authority nor any argument in his brief to support this contention. Accordingly, this argument is deemed abandoned. *See* N.C.R. App. P. 28(b)(5) (2002).

Accordingly, because plaintiff failed to properly serve the complaint and summons upon defendant, we affirm the ruling of the trial court.

Affirmed.

Judges MARTIN and BRYANT concur.