CHAD TYLER EDMUNDSON, BY AND THROUGH HIS GUARDIAN AD LITEM, THOMAS J. FARRIS, DARRYL G. SMITH, AND BOBBY G. ABRAMS, PLAINTIFFS v. LEESA GREER LAWRENCE, M.D., AND EASTERN CAROLINA PEDIATRICS, P.A., DEFENDANTS

No. COA07-694

(Filed 18 December 2007)

**Jury— selection—challenge for cause denied—no abuse of discretion**

The trial court did not abuse its discretion by denying plaintiff's challenge for cause, as well as other related motions, to a potential juror in a medical malpractice action where the challenged juror had three minor children who were patients of defendant's practice.

Appeal by plaintiffs from judgment entered 7 February 2007 by Judge Thomas D. Haigwood in Wilson County Superior Court. Heard in the Court of Appeals 29 November 2007.

*Keel O'Malley Tunstall, L.L.P., by Jimmie R. Keel and Susan M. O'Malley, for plaintiffs-appellants.*

*Jerry A. Allen, Jr., and O. Drew Grice, Jr., for defendants-appellees.*

TYSON, Judge.

Chad Edmunson ("plaintiff"), through his Guardian *ad litem*, appeals the trial court's orders entered denying his: (1) challenge for cause; (2) motion for change of venue; (3) motion for a mistrial;

and (4) motion to set aside the verdict. We hold there is no error in these orders.

## I. Background

On 12 December 2002, plaintiff commenced a medical malpractice suit against Dr. Leesa Lawrence ("defendant"). The only background facts needed to understand the issues on appeal occurred during the selection of the jury. The *voir dire* of the potential and empaneled jurors was not recorded. Plaintiff's counsel exhausted his peremptory challenges and subsequently made a challenge for cause to juror one, Mr. Martin. The trial court denied plaintiff's challenge for cause.

The only information contained in the record on appeal concerning Mr. Martin, is a portion of the recorded transcript narrating the exchange between the trial court and plaintiff's counsel:

The Court: The Court inquired of [defendant's counsel] as to his position. He indicated to the Court that he objected to the plaintiff's challenge for cause. The Court having paid close attention to the answers of Mr. Martin during the course of his examination by [plaintiff's counsel] and by the Court respectfully denied the challenge for cause. [Plaintiff's counsel] is there anything you'd like to put on the record to your challenge for cause?

[Plaintiff's counsel]: Only this, it was my understanding at the bench, your honor, that [sic] that objection would be preserved as such, since I had used all of my peremptory challenges including those extra ones that had been given by the consent of the parties and agreement of the court. And that we were just unable to find a jury in this case, despite the court's assistance, that did not have children that were seen by Dr. Lawrence's practice.

. . . .

The Court: All right. Thank you. I think the record should clearly reflect in response to the Court's questions and questions by [plaintiff's counsel] that the juror indicated that he had no—himself had no direct contact with the practice of the defendant, individual defendant. And that he further stated that even though his wife was the one who took the children to the practice that he had no direct knowledge of what happened when she took him. And that that [sic] would not play any part in how he decided the case. That is the treatment by the practice of his children and any

**EDMUNDSON v. LAWRENCE**

[187 N.C. App. 799 (2007)]

physicians who testified—who were members of the practice who testified he would be able to fairly, scrutinize their testimony just like he would anyone else, any other physician who had not—who was not a member of the practice and who had not treated his children.

Subsequently, plaintiff's counsel moved for a change of venue and a mistrial based on the denial of his challenge for cause to Mr. Martin being seated as a juror. The trial court denied both motions and the matter proceeded to trial. The jury returned a verdict finding plaintiff was not injured by defendant's negligence. On 7 February 2007, the trial court entered judgment in accordance with the verdict. Plaintiff appeals.

## II. Issues

Plaintiff argues the trial court erred by denying his: (1) challenge for cause; (2) motion to change venue; (3) motion for a mistrial; and (4) motion to set aside the verdict.

## III. Standard of Review

The standard of review for each of plaintiff's assignments of error is abuse of discretion. *See State v. Locklear*, 331 N.C. 239, 248, 415 S.E.2d 726, 732 (1992) (The standard of review for a denial of a challenge for cause is abuse of discretion); *Farmers Cooperative Exchange, Inc. v. Trull*, 255 N.C. 202, 204, 120 S.E.2d 438, 439 (1961) ("[Q]uestion[s] of venue . . . [rest] within the sound discretion of the trial judge, and [are] not subject to review except for manifest abuse of such discretion."); *State v. Hinton*, 155 N.C. App. 561, 564, 573 S.E.2d 609, 612 (2002) ("The trial court's ruling on a motion for mistrial generally lies within the sound discretion of the trial court and will be reversed only upon a showing of a manifest abuse of discretion."); *Davis v. Davis*, 360 N.C. 518, 523, 631 S.E.2d 114, 118 (2006) (stating that an appellate court's review of a trial court's ruling granting or denying a motion to set aside the verdict is limited to an abuse of discretion standard). A trial court may be reversed for abuse of discretion only upon a showing that its actions are "manifestly unsupported by reason." *Clark v. Clark*, 301 N.C. 123, 129, 271 S.E.2d 58, 63 (1980).

## IV. Challenge for Cause

Our review of the trial court's ruling is limited to that portion of the transcript contained in the record on appeal. Plaintiff argues the

trial court abused its discretion by denying his challenge for cause when Mr. Martin had three minor children who were patients of defendant's practice. We disagree.

Our Supreme Court has held, "mere acquaintance with witnesses alone [is] not a sufficient basis for a challenge for cause." *State v. Hartman*, 344 N.C. 445, 460, 476 S.E.2d 328, 336 (1996) (citing *State v. Benson*, 323 N.C. 318, 324, 372 S.E.2d 517, 520 (1988)), *cert. denied*, 520 U.S. 1201, 137 L. Ed. 2d 708 (1997). The issue is whether the challenged juror could remain fair and impartial. *Hartman*, 344 N.C. at 461, 476 S.E.2d at 337.

Here, the trial court found: (1) Mr. Martin had no direct contact with defendant's practice; (2) Mr. Martin's wife took their children to defendant's practice; (3) Mr. Martin had no direct knowledge of what happened at defendant's practice; (4) this information would play no part in Mr. Martin's decision regarding this case; and (5) Mr. Martin would be able to fairly, scrutinize testimony from physicians, who were members of defendant's practice.

"If the record supports the trial court's decision that the juror could follow the law, then the trial court's ruling should be upheld on appeal." *State v. Cummings*, 361 N.C. 438, 449, 648 S.E.2d 788, 795 (2007). Based upon our review of the limited transcript presented to this Court, we hold that plaintiff failed to show the trial court abused its discretion in denying plaintiff's challenge for cause. This assignment of error is overruled.

### V. Plaintiff's Other Motions

Plaintiff argues the trial court erred by denying plaintiff's motion for change of venue, motion for a mistrial, and motion to set aside verdict on the grounds that "plaintiff's counsel was unable to find twelve jurors that did not have children that were seen by [defendant's] practice." Based upon the analysis above and our holding, we conclude the trial court did not abuse its discretion in denying plaintiff's motions. These assignments of error are overruled.

### VI. Conclusion

The trial court found that the juror challenged by plaintiff for cause could be fair and impartial in his decision regarding this case. Plaintiff has failed to show the trial court abused its discretion by denying defendant's challenge for cause.

Plaintiff's other assignments of error were based on the same theory: the denial of plaintiffs' challenge for cause to Mr. Martin being

**IN RE C.B.**

[187 N.C. App. 803 (2007)]

seated as a juror. The trial court properly denied plaintiff's motion for change of venue, motion for a mistrial, and motion to set aside the verdict. We hold there is no error in the verdict or the judgment entered thereon.

No error.

Judges JACKSON and ARROWOOD concur.