IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-62

 Filed: 3 September 2019

Guilford County, No. 18 CVS 2665

DAVID PATTON, Plaintiff,

 v.

BOEBORA ANNE VOGEL, PATSY JONES PATTON, Defendants.

 Appeal by plaintiff from order entered 11 October 2018 by Judge Anderson

Cromer in Guilford County Superior Court. Heard in the Court of Appeals 8 August

2019.

 Schwaba Law Firm, PLLC, by Andrew J. Schwaba and Zachary D. Walton, for
 plaintiff-appellant.

 Hoffman Koenig Hering PLLC, by G. Clark Hering, IV and Daniel W. Koenig,
 for defendant-appellee Vogel.

 TYSON, Judge.

 David Patton (“Plaintiff”) appeals from an order granting Boebora (Barbara)

Anne Vogel’s (“Defendant”) motion to dismiss. We affirm the trial court’s order.

 I. Background

 This action arose from a motor vehicle accident, which occurred on 10 May

2015 in Greensboro, North Carolina. Plaintiff was a passenger inside of a vehicle

being driven by his wife. Plaintiff’s wife stopped when the vehicle in front made a
 PATTON V. VOGEL

 Opinion of the Court

right turn. Plaintiff and his wife’s vehicle was struck from behind by Defendant’s

vehicle.

 Plaintiff filed his complaint on 19 January 2018 and amended the complaint

on 5 February 2018. Plaintiff deposited a file-stamped copy of the amended complaint

and summons with FedEx Corporation (“FedEx”) and signed a request for a return

receipt on 15 February 2018. Plaintiff addressed the complaint to 3531 Cherry Lane

in Greensboro, North Carolina, the address Defendant had listed on the accident

report. The package was returned to Plaintiff by FedEx, which indicated 3531 Cherry

Lane was vacant.

 Plaintiff retained a private investigator to determine Defendant’s current

address. The private investigator responded that Defendant resided at 3896 North

Elm Street in Greensboro, North Carolina. Plaintiff deposited a file-stamped copy of

the complaint and summons with FedEx with a request for a return receipt on 13

March 2018. Plaintiff received a signed receipt of delivery on15 March 2018, signed

by “R. Price.”

 Plaintiff filed an affidavit of service, alleging to have served Defendant on 14

March 2018 at 3896 North Elm Street in Greensboro, North Carolina. Plaintiff

obtained an alias and pluries summons on 26 March 2018.

 Defendant preserved her challenges and answered Plaintiff’s complaint on 17

May 2018. She alleged Plaintiff lacked jurisdiction to bring the claim due to

 -2-
 PATTON V. VOGEL

 Opinion of the Court

insufficient process and service of process. Defendant requested the complaint be

“dismissed pursuant to Rule 12(b)(2)(4)(5).” Defendant filed a separate motion to

dismiss on 28 August 2018, based upon the grounds contained in her answer.

 Defendant included an affidavit with her motion to dismiss. She averred she

lived at 3531 Cherry Lane in Greensboro, North Carolina on and after the date of the

accident, had neither lived nor worked at 3896 North Elm Street in Greensboro,

North Carolina, had not authorized “R. Price” or anyone else to accept legal papers

for her, and had never been served with a copy of the summons, complaint, or

amended complaint.

 Plaintiff filed a brief in response to Defendant’s motion to dismiss and

requested the trial court to deny Defendant’s motion. In the alternative, Plaintiff

requested the court to continue the hearing on Defendant’s motion for Plaintiff to be

allowed additional time for discovery. Following a hearing on Defendant’s motion to

dismiss, the trial court denied Plaintiff’s request for a continuance and entered an

order granting Defendant’s motion to dismiss on 10 October 2018. Plaintiff timely

appealed.

 II. Jurisdiction

 An appeal of right lies with this Court pursuant to N.C. Gen. Stat. § 7A-27(b)(1)

(2017).

 III. Issues

 -3-
 PATTON V. VOGEL

 Opinion of the Court

 Plaintiff argues the trial court: (1) erred by granting Defendant’s motion to

dismiss for lack of jurisdiction; and, (2) abused its discretion by denying Plaintiff’s

motion to continue for additional time for discovery.

 IV. Standards of Review

 This Court reviews “questions of law implicated by . . . a motion to dismiss for

insufficiency of service of process” de novo. New Hanover Cty. Child Support Enf’t ex

rel Beatty v. Greenfield, 219 N.C. App. 531, 533, 723 S.E.2d 790, 792 (2012). “The

standard of review for denial of a motion to continue is generally whether the trial

court abused its discretion.” Morin v. Sharp, 144 N.C. App. 369, 373, 549 S.E.2d 871,

873 (2001). “A trial court may be reversed for abuse of discretion only upon a showing

that its actions are manifestly unsupported by reason.” Edmundson v. Lawrence, 187

N.C. App. 799, 801, 653 S.E.2d 922, 924 (2007) (citation and internal quotation marks

omitted).

 V. Analysis

 A. Motion to Dismiss

 1. Personal Jurisdiction

 Plaintiff asserts the trial court erred by granting Defendant’s motion to dismiss

for lack of personal jurisdiction. This Court has previously held “[w]here there is no

valid service of process, the court lacks jurisdiction over a defendant, and a motion to

dismiss pursuant to Rule 12(b) should be granted.” Davis v. Urquiza, 233 N.C. App.

 -4-
 PATTON V. VOGEL

 Opinion of the Court

462, 463-64, 757 S.E.2d 327, 329 (2014) (citation omitted). “On a motion to dismiss

for insufficiency of process where the trial court enters an order without making

findings of fact, our review is limited to determining whether, as a matter of law, the

manner of service of process was correct.” Thomas & Howard Co. v. Trimark

Catastrophe Servs., 151 N.C. App. 88, 90, 564 S.E.2d 569, 571 (2002) (alteration and

citations omitted).

 For the court to acquire personal jurisdiction over a party, the manner of

service must accord with our statutes and Rules of Civil Procedure. N.C. Gen. Stat. §

1A-1, Rule 4 (2017). One method to achieve proper service of process is “[b]y

depositing with a designated delivery service authorized pursuant to 26 U.S.C. §

7502(f)(2) a copy of the summons and complaint, addressed to the party to be served,

delivering to the addressee, and obtaining a delivery receipt.” N.C. Gen. Stat. § 1A-1,

Rule 4(j)(1)(d).

 Proper service may also be achieved “[b]y delivering a copy of the summons

and of the complaint to the natural person or by leaving copies thereof at the

defendant’s dwelling house or usual place of abode with some person of suitable age

and discretion then residing therein.” N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(a).

 Plaintiff asserts the documents were properly delivered to the North Elm

Street address after he was unable to serve Defendant at her provided address: 3531

Cherry Lane, Greensboro, North Carolina. Plaintiff’s only information connecting

 -5-
 PATTON V. VOGEL

 Opinion of the Court

Defendant to the North Elm Street address came from his own private investigator,

who did not attend the hearing or file an affidavit.

 Aside from the information provided by the private investigator on the North

Elm Street address, every other source of information, including the accident report,

stated Defendant’s address was 3531 Cherry Lane, Greensboro, North Carolina.

Defendant’s affidavit asserts her only residence was located at 3531 Cherry Lane, she

had no connection to the North Elm Street address, had no knowledge of “R. Price,”

and had not authorized “R. Price” to sign for her or to act as her agent.

 The relevant North Carolina Rules of Civil Procedure require that the

summons and complaint be served at Defendant’s “dwelling house or usual place of

abode.” See N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(a). No evidence presented to the trial

court tends to show 3896 North Elm Street was ever Defendant’s “dwelling house or

usual place of abode.” Id. The purported service at the North Elm Street address was

not in compliance with the statutes. Id. The court never acquired jurisdiction over

this claim. Plaintiff’s argument on this ground is overruled.

 2. Presumption of Effective Service of Process

 Plaintiff asserts Defendant failed to meet her burden to overcome the

presumption of effective service of process. We disagree.

 Plaintiff argues Defendant’s single affidavit averring she did not reside at the

North Elm Street address does not overcome the presumption that the North Elm

 -6-
 PATTON V. VOGEL

 Opinion of the Court

Street address was Defendant’s dwelling. A party may assert the presumption of

effective service. “A showing on the face of the record of compliance with the statute

providing for service of process raises a rebuttable presumption of valid service.”

Granville Med. Ctr. v. Tipton, 160 N.C. App. 484, 491, 586 S.E.2d 791, 796 (2003)

(citations omitted).

 The trial court must consider the evidence and conclude whether or not the

service was valid. See J&M Aircraft Mobile T-Hangar, Inc. v. Johnston Cty. Airport

Auth., 166 N.C. App. 534, 546, 603 S.E.2d 348, 355 (2004). Plaintiff produced no

evidence other than the “R. Price” receipt from FedEx to support the presumption of

effective service. Plaintiff’s argument on this issue is overruled.

 3. Additional Time to Complete Service

 The alias and pluries summons obtained by Plaintiff on 26 March 2018 expired

after 90 days without Plaintiff obtaining a further endorsement. N.C. Gen. Stat. § 1A-

1, Rule 4(d)(2). Plaintiff asserts it was not necessary to renew the summons. Rule

4(j2)(2) provides that if a party’s attempted service is deemed invalid, the serving

party must be given an additional sixty days to complete service before a claim may

be dismissed as a result of the invalid service. N.C. Gen. Stat. § 1A-1 Rule 4(j2)(2).

 Rule 4(j2)(2) does not apply to the facts in this case. “Rule 4(j2)(2) . . . is only

applicable in default judgments.” Hamilton v. Johnson, 228 N.C. App. 372, 378, 747

S.E.2d 158, 163 (2013). This case does not involve a default judgment. Instead, it

 -7-
 PATTON V. VOGEL

 Opinion of the Court

comes before us upon dismissal, after Defendant had challenged the service of the

summons. See N.C. Gen. Stat. § 1-75.10(a) (2017).

 Also, Rule 4(j2)(2) only applies to situations where a person who was

unauthorized to sign the delivery receipt signed while present “in the addressee’s

dwelling house or usual place of abode.” N.C. Gen. Stat. 1A-1, Rule 4(j2)(2) (emphasis

supplied). Defendant avers by affidavit she never resided at the North Elm Street

address, did not know “R. Price,” or authorize him or her to act as an agent or to

receive and sign for the document in question for her.

 Plaintiff failed to meet the conditions set out in Rule 4(j2)(2). See id. This rule

is not pertinent to the facts and does not apply to this order. Plaintiff is not entitled

to another sixty days to properly serve Defendant. Plaintiff’s argument is dismissed.

 B. Motion for Additional Time to Conduct Discovery

 Plaintiff asserts the trial court abused its discretion by refusing to grant

Plaintiff’s motion for continuance to allow additional time to conduct discovery.

“Motions to continue pursuant to Rules 56(f) and 40(b) of our Rules of Civil Procedure

are granted in the trial court’s discretion.” Caswell Realty Assoc. v. Andrews Co., 128

N.C. App. 716, 721, 496 S.E.2d 607, 612 (1998) (citations omitted).

 Over thirty-five years ago, this Court held ordinarily, “[t]he granting of a

motion for a continuance is within the trial court’s discretion and its exercise will not

be reviewed absent a manifest abuse of discretion.” Gillis v. Whitley’s Disc. Auto

 -8-
 PATTON V. VOGEL

 Opinion of the Court

Sales, Inc., 70 N.C. App. 270, 273, 319 S.E.2d 661, 664 (1984) (citation omitted). As

noted earlier, “[a] trial court may be reversed for abuse of discretion only upon a

showing that its actions are manifestly unsupported by reason.” Edmundson, 187

N.C. App. at 801, 653 S.E.2d at 924.

 Plaintiff argues the trial court abused its discretion by refusing to grant

Plaintiff’s motion for additional time to conduct discovery and the court ignored facts

set forth in Kayla Carmenia’s affidavit. Ms. Carmenia is employed as a paralegal in

Plaintiff’s attorney’s office. Her affidavit avers she attempted to serve the summons

and complaint upon Defendant at 3531 Cherry Lane, Greensboro, North Carolina

twice, and FedEx returned the process and informed her both times that address was

vacant. Ms. Carmenia further avers, per the recommendation of a private

investigator hired by Plaintiff, she sent the summons and complaint to a senior living

facility located at the North Elm Street address where the documents were delivered

and signed for by “R. Price.”

 The trial court heard and rejected Plaintiff’s arguments. During the hearing,

the trial court noted that Defendant’s affidavit averred “she’s never lived anywhere

but [3531 Cherry Lane]. It’s on the accident report. Everything is consistent except

for your investigator, who is not here.”

 Plaintiff was on notice of the lack of service issue since 14 May 2018, when

Defendant first presented a motion to dismiss, asserting the court lacked jurisdiction

 -9-
 PATTON V. VOGEL

 Opinion of the Court

under Rules 12(b)(2), (4) and (5). See N.C. Gen. § 1A-1, Rule 12(b) (2017). Plaintiff

had time to address the matter prior to the expiration of the alias and pluries

summons and before the hearing on 19 September 2018. Plaintiff has failed to show

trial court’s discretionary ruling was “manifestly unsupported by reason.”

Edmundson, 187 N.C. App. at 801, 653 S.E.2d at 924. Plaintiff’s argument is

overruled.

 VI. Conclusion

 The trial court correctly granted Defendant’s motion to dismiss. Defendant

has failed to show the trial court abused its discretion to deny Plaintiff’s motion to

continue. We affirm the trial court’s order. It is so ordered.

 AFFIRMED.

 Judges INMAN and HAMPSON concur.

 - 10 -