JACKIE ANNAS, GUARDIAN FOR WANDA LYNELLE ANNAS, AND WANDA ANNAS HIGHTOWER v. McREE DAVIS AND WIFE, JANIE L. DAVIS AND THOMAS H. MORRISSEY, SHERIFF FOR BUNCOMBE COUNTY, AND BUNCOMBE COUNTY BOARD OF TAX SUPERVISION

No. 7828DC287

(Filed 20 February 1979)

1. **Execution § 15.1; Taxation § 40— tax sale—notice to taxpayer not given**
    A sheriff's sale of plaintiff's property on a tax judgment was invalid where there was evidence that the deputy sheriff posted a notice of sale at the courthouse door, but there was no evidence when the notice was posted, and the deputy sheriff failed to mail a notice of sale to the listed taxpayer at her last known address.

2. **Execution § 15.1; Taxation § 40— sheriff's deed void—reimbursement of taxes paid—no reimbursement of costs of sale**
    Where the trial court found that a sheriff's deed to defendants, based upon execution sale on a judgment for taxes, was void, the trial court erred in denying defendants reimbursement for the taxes they paid on the property in question for the three previous years, but the court properly denied defendants reimbursement for the costs of sale.

APPEAL by defendants McRee Davis and wife, Janie L. Davis, from *Sluder, Judge*. Judgment entered 31 October 1977 in District Court, BUNCOMBE County. Heard in the Court of Appeals 15 January 1979.

Plaintiffs instituted this action to remove cloud from their title to certain lands in Buncombe County. Jury trial was not requested, and the case was tried by the district court judge. Plaintiffs alleged the sheriff's deed to defendants Davis, based upon execution sale on a judgment for taxes, was void and constituted cloud on plaintiffs' title. The court found facts, made conclusions of law, and entered judgment declaring the sheriff's deed void and cancelling it of record. The action was dismissed as to the Sheriff of Buncombe County and the Buncombe County Board of Tax Supervision.

*Henry C. Fisher (now deceased) and Long, McClure, Parker, Hunt & Trull, by Jeff P. Hunt, for plaintiff appellees.*

*McLean, Leake, Talman, Stevenson & Parker, by Joel B. Stevenson, for defendant appellants.*

MARTIN (Harry C.), Judge.

[1] Defendants contend the trial court erred in cancelling the sheriff's deed to them. The trial court found plaintiff Jackie Annas acquired title to the land in question 17 June 1938 by deed recorded in the office of the Register of Deeds for Buncombe County in book 508, at page 453; plaintiff Jackie Annas has lived on the property since 1940; she listed it for taxes and paid some taxes prior to 1944; she did not pay any tax on the property after 1944; on 12 June 1972, the tax collector filed tax judgment certificate with the clerk of superior court against plaintiffs' property; on 20 May 1974, the clerk of superior court issued execution on the tax judgment; the sheriff posted a notice of sale at the courthouse door and published notice of sale in newspaper for four weeks; the sheriff did not mail notice of sale to anyone before conducting the sale; on 12 June 1974, the sheriff conducted an execution sale of the subject property and defendant Janie L. Davis was the highest bidder in the amount of $1,115; the sale was confirmed, deed executed by Sheriff of Buncombe County to defendants Davis, and recorded in book 1103, page 147, in the office of the Register of Deeds of Buncombe County; plaintiff Jackie

Annas at no time had actual notice of the execution sale. These findings by the court are supported by the evidence.

Upon those findings the court concluded that the sheriff had failed to comply with N.C.G.S. 1-339.52(a)(1) in not posting the notice of sale at the courthouse door for a period of thirty days immediately preceding the sale and failed to comply with N.C. G.S. 105-375(i)(2) in not mailing a notice of sale to the listed taxpayer at her last known address.

These conclusions of law are supported by the findings of fact and evidence. The deputy sheriff who carried out the execution sale testified he did not mail any notice of sale by registered mail or otherwise. There is evidence that the deputy sheriff posted a notice of sale at the courthouse door, but no evidence when the notice was posted. There is no evidence that the notice of sale was posted at the courthouse door for thirty days immediately preceding the sale.

This assignment of error is controlled by *Henderson County v. Osteen*, 292 N.C. 692, 235 S.E. 2d 166 (1977). In *Henderson*, the Court held the giving of the notice of sale under execution, by mailing a copy of the notice to the listing taxpayer at his last known address at least one week prior to the day fixed for the sale, as required by N.C.G.S. 105-375(i)(2), is constitutionally indispensable to a valid sale under that statute. The Court further held the contrary portion of N.C.G.S. 105-394 is unconstitutional as violating Article I, Section 19, of the Constitution of North Carolina. The sheriff failed to give the constitutionally required notice. Therefore, the sale is void.

Defendants Davis argue plaintiffs are estopped to rely upon this defect in the proceeding. Estoppel is an affirmative defense and must be pleaded. N.C. Gen. Stat. 1A-1, Rule 8(c). Defendants failed to so do.

This assignment of error is overruled.

[2] Defendants next contend the court erred in not allowing them to recover of plaintiffs the balance of the purchase price paid at the execution sale and the taxes they paid on the property for the years 1974, 1975, and 1976.

The trial court held defendants were entitled to recover only the taxes they paid prior to the sale in the amount of $1,144.98. Defendants also paid costs of the sale of $96.66 and taxes for the years 1974, 1975, and 1976 in the sum of $162.75.

Counsel for plaintiffs in oral argument concede that defendants Davis are entitled in good conscience to reimbursement of the $162.75 taxes paid. The $96.66 costs of sale was incurred by defendants as result of an invalid sale of plaintiffs' property. Plaintiffs did not benefit from that payment. To the contrary, they were required to bring this action to avoid the sale. This assignment of error is overruled, except as to the $162.75 conceded by plaintiffs' counsel.

The judgment of the trial court is modified by reason of concession of plaintiffs' counsel that defendants Davis are entitled to recover the taxes for 1974, 1975, and 1976 in the amount of $162.75. Except as so modified, the judgment is affirmed.

Modified and affirmed.

Chief Judge MORRIS and Judge CARLTON concur.