ANNIE SMITH HOWELL v. J. C. TREECE, JR. AND WIFE, MARGIE TREECE, AND RICHMOND COUNTY

No. 8320SC1141

(Filed 4 September 1984)

**1. Taxation § 40— sale of tax lien—failure to give sufficient notice**

The evidence supported the jury's verdict finding that Richmond County failed to provide notice at plaintiff's last known address as required by G.S. 105-375 for the sale of a tax lien under in rem foreclosure procedures where the evidence tended to show that plaintiff bought land in Richmond County in 1976 and immediately conveyed a portion thereof to a resident of Dillon, South Carolina; each deed showed plaintiff to be a resident of Williamsburg County, South Carolina; plaintiff failed to list her land for taxes, and it was listed by an employee in the county tax supervisor's office; the tax supervisor's office had copies of the deeds to and from plaintiff which showed her to be a resident of South Carolina; when the employee listed plaintiff's property for taxes, she listed plaintiff's address as Ellerbe, North Carolina, which was the town nearest to the property; the county tax collector sent tax notices to plaintiff in 1977 and 1978 addressed to Ellerbe, North Carolina; all notices mailed to plaintiff at Ellerbe, North Carolina, by registered and certified mail, were returned marked "addressee unknown"; and the tax collector's office checked the Ellerbe telephone book and county automobile registration to determine if plaintiff was listed in either, but no check was made with the Register of

Deeds Office and no attempt was made to determine if plaintiff's grantor or grantee knew plaintiff's address.

**2. Taxation § 40— tax foreclosure proceeding—absence of notice—action to invalidate—statute of limitations**

Where plaintiff did not receive the required statutory notice of in rem tax foreclosure proceedings which culminated in a sale of plaintiff's land to defendants, no statute of limitations could bar plaintiff's action to invalidate the sale.

APPEAL by defendants Treece from *Seay, Thomas W., Judge.* Judgment entered 30 June 1983 in RICHMOND County Superior Court. Heard in the Court of Appeals 27 August 1984.

Plaintiff brought this action to remove a cloud on her title to property in Richmond County. In 1976 plaintiff acquired 181.1 acres of land in Richmond County. Immediately upon the acquisition of the property, plaintiff conveyed all but 81 acres of the property to third parties. Plaintiff never listed the property for tax purposes. In 1977 the Richmond County Board of Commissioners levied ad valorem taxes on the property. A bill was mailed to plaintiff at the post office nearest the property. Plaintiff failed to pay the taxes. A lien attached to the property and Richmond County proceeded in the in rem method of foreclosure. The lien was sold to Richmond County for $76.54, the amount of the 1977 taxes plus penalties, interest and costs. On 2 July 1979 a judgment was filed in the office of the clerk of superior court for Richmond County. On 17 January 1980, execution was issued against plaintiff.

On 28 March 1980 the Richmond County Sheriff sold the property valued at $40,000.00 to defendant J. C. Treece, Jr. for $125.24. On 15 April 1980 the sheriff executed a deed to J. C. Treece, Jr. This deed was recorded on 30 April 1980 in the Richmond County Registry. On 4 January 1982 plaintiff filed this action. The case was tried at the 20 June 1983 Civil Session of Richmond County Superior Court. The court submitted two issues to the jury. The issues and the answers were:

1. Did the defendant, Richmond County, fail to comply with the statutory requirements for the "in rem foreclosure" on the 81 acre tract located in Black Jack Township, as alleged in the Complaint?

Answer: Yes.

2. Is the plaintiff, Annie Smith Howell, entitled to the ownership of the 81 acre premises free and clear of the claim of the defendants, J. C. Treece, Jr. and wife, Margie Treece?

Answer: Yes.

On the jury's verdict, the trial court entered judgment voiding the sheriff's deed and ordering the deed set aside, and declaring plaintiff to be the owner of the 81 acre tract. From this judgment, defendants Treece have appealed.

*Robert E. Little, III and Leath, Bynum, Kitchin & Neal, P.A., by Timothy C. Barber and Fred W. Bynum, Jr., for plaintiff.*

*Pittman, Pittman & Dawkins, P.A., by Donald M. Dawkins, for defendants.*

WELLS, Judge.

Defendants contend the trial court erred by failing to dismiss plaintiff's complaint for failure to file her complaint within the time prescribed by N.C. Gen. Stat. § 105-377 (1977), by admitting irrelevant evidence, by denying defendants' motions for a directed verdict and for a verdict notwithstanding the verdict and by the entry of the judgments. We disagree with defendants' contentions and find no error.

[1] Defendants' motion for a directed verdict and for judgment N.O.V. challenge the sufficiency of the evidence to support the jury's verdict. Plaintiff bottomed her case on the failure of the county to provide the notice required under the in rem foreclosure procedures provided for sales of tax liens under pertinent provisions of N.C. Gen. Stat. § 105-375 (1973). The pertinent parts of that statute require notice of the proceedings to the defaulting taxpayer by registered or certified letter, return receipt requested, to the taxpayer's "last known address." Thus, we focus on the evidence as it relates to the county's actions with respect to this notice requirement. Plaintiff presented evidence consisting of her own testimony and exhibits, and the testimony of Nancy Raines and Margaret Fountain.

Plaintiff testified that she bought 181.1 acres of timber land in Black Jack Township, Richmond County in December of 1976. The land was transferred to plaintiff by warranty deed dated 16

December 1976, from James A. Leak Company, Inc., a North Carolina Corporation and James A. Leak, Trustee of Anson County, North Carolina as grantors, to Annie Smith Howell, of Williamsburg County, South Carolina, as grantee. The deed was duly recorded in the Richmond County Registry on 17 December 1976. Plaintiff immediately deeded 100 acres of the property to Lewis C. Reese of Dillon, South Carolina. At the time plaintiff acquired the property and at all times since, plaintiff resided in Andrews, Williamsburg County, South Carolina. Plaintiff never had a mailing address in Ellerbe, North Carolina. Plaintiff never listed her property for taxes in Richmond County. Plaintiff first learned that her property had been sold for taxes when she attempted to obtain a loan against the property in May of 1981. Prior to then, plaintiff had no notice of the tax lien against her property.

Nancy Raines testified that she had been employed in the Richmond County Tax Supervisors Office for 11 years, where she was in charge of property transfers and tax billings. It was her responsibility to check real property records in the Register of Deeds Office to determine whether property was properly listed for taxes. The Register of Deeds sends copies of all recorded deeds to the Tax Supervisors Office. When property is not listed, her office makes a listing from the deeds. Her office had a copy of plaintiff's deed from Leak Company and Leak, Trustee. Her office also had a copy of plaintiff's deed to Mr. Reese. Each deed showed plaintiff to be a resident of Williamsburg County, South Carolina. When she listed plaintiff's property for taxes, she listed plaintiff's address as Ellerbe, North Carolina. Her reason for using the Ellerbe address was that "[w]hen we don't have an address and they don't come in to list, we put the town that the township on our deed recorded." Ellerbe is in Black Jack and Mineral Springs Townships. In assigning the Ellerbe address to plaintiff, she made no other effort to ascertain plaintiff's address. Plaintiff never listed her property for taxes.

Margaret Fountain testified that she had been the Richmond County Tax Collector since 1977 and that her office sent out tax notices to plaintiff in 1977 and 1978 addressed to Ellerbe, North Carolina. That address was used because it was the address on the tax bills and the tax listing. All notices mailed to plaintiff at Ellerbe, North Carolina, by registered and certified mail, were returned marked "addressee unknown." This information in-

dicated that plaintiff did not live in Ellerbe. Her office checked the Ellerbe telephone book and county automobile registration to determine if plaintiff was listed in either. No check was made with the Register of Deeds Office. No attempt was made to determine if plaintiff's grantor knew plaintiff's address. No check was made to determine if Mr. Reese knew plaintiff's address. No check was made with tax authorities in Williamsburg County, South Carolina to determine if they knew plaintiff's address.

We hold that the foregoing evidence clearly shows that the notices required under G.S. § 105-375 were not sent to plaintiff's last known address and clearly supports the jury's verdict. *See Henderson County v. Osteen,* 297 N.C. 113, 254 S.E. 2d 160 (1979); *Annas v. Davis,* 40 N.C. App. 51, 252 S.E. 2d 28 (1979).

[2] Defendants also contend that plaintiff's action was barred under G.S. § 105-377, which provides:

Notwithstanding any other provisions of law prescribing the period for commencing an action, no action or proceeding shall be brought to contest the validity of any title to real property acquired by a taxing unit or by a private purchaser in any tax foreclosure action or proceeding authorized by this Subchapter or by other laws of this State in force at the time the title was acquired, nor shall any motion to reopen or set aside the judgment in any such tax foreclosure action or proceeding be entertained after one year from the date on which the deed is recorded.

We must reject this argument. In *Comrs. of Roxboro v. Bumpass,* 233 N.C. 190, 63 S.E. 2d 144 (1951), our supreme court stated the rule in cases such as the one now before us, as follows:

Notice and an opportunity to be heard are prerequisites of jurisdiction . . . and jurisdiction is a prerequisite of a valid judgment. . . . The Legislature is without authority to dispense with these requirements of due process, and lapse of time cannot satisfy their demands. No statute of limitations, therefore, can bar the right of a litigant to assert that he is not bound by a judgment entered in a cause of which he had no legal notice. [Citations omitted.]

Plaintiff in this case having not received the required statutory notice of the in rem foreclosure proceedings which culminated in the sale to defendants, plaintiff's action was not barred.

We have examined and considered defendants' other assignments of error, find them to be without merit, and overrule them.

No error.

Chief Judge VAUGHN and Judge HEDRICK concur.