MURRAY v. CUMBERLAND COUNTY

[98 N.C. App. 143 (1990)]

Reversed.

Judges ARNOLD and LEWIS concur.

---

OCIE F. MURRAY, JR. v. CUMBERLAND COUNTY; BILLY CAIN AND YVONNE L. CAIN

No. 8912SC448

(Filed 3 April 1990)

**Taxation § 40 (NCI3d)— foreclosure sale—insufficiency of notice**

The trial court properly set aside a tax foreclosure sale conducted on 7 September 1988 where petitioner was never given notice, and at least from 31 January 1988 and at all times thereafter, petitioner was a listing owner and, pursuant to N.C.G.S. § 105-375(i)(2), should have received notice of the sale under execution.

**Am Jur 2d, State and Local Taxation §§ 923, 926.**

APPEAL by respondents Billy C. Cain and Yvonne L. Cain from Order of *Judge Giles R. Clark* entered 6 February 1989 in CUMBERLAND County Superior Court. Heard in the Court of Appeals 7 November 1989.

*Singleton, Murray & Craven, by Rudolph G. Singleton, Jr., and Stephen G. Inman, for petitioner appellee.*

*Bain & Marshall, by Edgar R. Bain and Alton D. Bain, for respondent appellants.*

COZORT, Judge.

Purchasers of real property at foreclosure sale appeal an order of the trial court rescinding the sale and declaring purchasers' deed void due to the County's failure to give property owner notice as required by tax foreclosure statute. We affirm the trial court's order.

The parties stipulated to the following facts:

On 26 February 1974, H. H. Jacobs conveyed the property at issue to Nat Burwell, Trustee, under a land sale contract for

the benefit of Donald L. Bray and wife, Glenda. The deed was recorded in the deed book in the Cumberland County Office of Register of Deeds.

On 14 November 1983, Nat Burwell, Trustee, executed a deed to Robert G. Bailey, P.O. Box 35832, Fayetteville, North Carolina. The deed was not recorded until 30 November 1988.

From 1 January 1984 to 31 December 1986, property taxes assessed against the property were not paid. During that time, property was listed in the name of Nat Burwell, Trustee.

On 12 February 1987, a deed conveying the property from Robert Gene Bailey, P.O. Box 35832, Fayetteville, North Carolina, to Ocie F. Murray, Jr., Trustee (petitioner herein), was recorded in the Cumberland County Deeds Office.

On 8 May 1987, delinquent tax bills for 1984, 1985 and 1986 were referred to the Cumberland County Attorney's Office for foreclosure proceedings under N.C. Gen. Stat. § 105-375. The taxpayer listed was Nat Burwell, Trustee, c/o R. Bailey, Rt. 12, Box 702, Fayetteville, North Carolina. The property was identified as Parcel No. 29.—2102—48, PIN (parcel identification number) 9494-51-1683.

On 20 May 1987, the County Attorney's Office completed a title search in the Register of Deeds Office showing record title in the name of Nat Burwell, Trustee, with no outconveyances.

On 22 May 1987, the County sent a first notice pursuant to N.C. Gen. Stat. § 105-375 to Nat Burwell, Trustee, c/o R. Bailey, Rt. 12, Box 702, Fayetteville, North Carolina. The notice was returned "Attempted, Not Known."

On 7 October 1987, notice sent to R. Bailey at the same address was returned with the same notation.

On 20 November 1987, the Land Records Management Office assigned PIN 9494-51-1683 to the property in the name of Ocie F. Muray [sic], Jr. (but not deleting the name of Nat Burwell, Trustee, from the listing). The PIN was not identified as a double listing. The County Attorney's Office was not notified of the listing.

On 23 and 30 December 1987, notice of service by publication on Nat Burwell, Trustee, and R. Bailey was published in the *Fayetteville Observer.*

In January of 1988, the property was listed by Ocie F. Murray, Jr., in the Tax Assessor's Office. The Tax Collector and County Attorney were not notified, as there was no procedure for such notification.

On 20 January 1988, judgment against the property in the name of Nat Burwell, Trustee, was filed and docketed. A title search conducted in the Office of Register of Deeds showed no outconveyance from Nat Burwell, Trustee.

On 22 July 1988, execution against the property was sent to the sheriff. Nat Burwell, Trustee, c/o R. Bailey, was identified as the current owner.

Between 22 July 1988 and 20 August 1988, notice of sale sent by the sheriff to Nat Burwell, Trustee, c/o R. Bailey, was not delivered, and timely service of notice was had by publication on Nat Burwell, Trustee.

On 2 September 1988, the bill for the 1988 property tax assessment was sent to Ocie F. Murray, Jr.

On 7 September 1988, the property was sold at an execution sale conducted by the sheriff to Billy Cain and Yvonne C. Cain, respondents herein, for $448.00. The deed to respondents was recorded on 20 September 1988.

The 1988 Cumberland County tax valuation of the property was $10,290.00.

The trial court further found that the County was "on notice of an apparent ownership interest by Grantor R. Bailey in the Property deeded to Petitioner Ocie F. Murray, Jr." The court concluded that petitioner was the current owner of the property; that the County Tax Collector, through the exercise of due diligence, could have obtained petitioner's address; and that the County at all times after 20 November 1987 had actual notice that petitioner was the current owner of the property; and that the interests of justice and equity required that the sale be rescinded and the deed voided. The court therefore ordered that the foreclosure sale be set aside, the sale rescinded, the deed declared void, and all monies paid be refunded to respondent purchasers. Respondent purchasers appeal.

N.C. Gen. Stat. § 105-375 authorizes an *in rem* procedure whereby local governments may enforce the payment of taxes by

MURRAY v. CUMBERLAND COUNTY

[98 N.C. App. 143 (1990)]

foreclosure of a tax lien by judgment and execution. Subsection (c) of the statute requires that, at least thirty days prior to docketing the judgment, the tax collector must, by registered or certified mail, send notice that judgment will be docketed and that execution will be issued thereon to (1) the listing taxpayer, (2) lienholders of record, and (3) the current owner of the property if the current owner is different from the listing owner and if the following two conditions are present:

> (i) a deed or other instrument transferring title to and containing the name of the current owner was recorded in the office of the register of deeds or filed or docketed in the office of the clerk of superior court after January 1 of the first year in which the property was listed in the name of the listing owner, and (ii) the tax collector can obtain the current owner's mailing address through the exercise of due diligence.

N.C. Gen. Stat. § 105-375(c) (1989). Subsection (i)(2) provides that the tax collector may request issuance of execution of the lien at any time after six months and before two years from indexing of the judgment. Notice of sale under execution shall be given to the listing owner (and to the current owner if notice was required under subsection (c)) at least thirty days prior to the day fixed for the sale. N.C. Gen. Stat. § 105-375(i) (1989). The giving of the notice of sale under execution as required by N.C. Gen. Stat. § 105-375(i)(2) is constitutionally indispensable to a valid sale under the statute. *Annas v. Davis*, 40 N.C. App. 51, 53, 252 S.E.2d 28, 29 (1979) (citing *Henderson County v. Osteen*, 292 N.C. 692, 235 S.E.2d 166 (1977)).

In November of 1987, the County's Land Records Management Office assigned the property the same parcel identification number in petitioner's name as it previously had assigned the property in the name of Nat Burwell, Trustee, c/o R. Bailey. In January of 1988, petitioner listed the property in the Tax Assessor's Office. Notice of sale was not attempted until July of 1988. Therefore, at least by 31 January 1988 and at all times thereafter, petitioner was a listing owner and, pursuant to N.C. Gen. Stat. § 105-375(i)(2), should have received notice of the sale under execution. The trial court properly set aside the foreclosure sale.

Affirmed.

Judges JOHNSON and LEWIS concur.