IN THE COURT OF APPEALS OF NORTH CAROLINA

 Nos. COA15-1083, 15-1118

 Filed: 15 November 2016

Mecklenburg County, Nos. 13 SP 272, 3311

IN RE:

FORECLOSURE OF REAL PROPERTY UNDER DEED OF TRUST FROM IAN
MAURICE GARRETT AND SUSAN GARRETT AKA SUSAN G. GARRETT, IN THE
ORIGINAL AMOUNT OF $163,542.00, PAYABLE TO HOUSEHOLD REALTY
CORPORATION, DATED NOVEMBER 30, 2000 AND RECORDED ON
DECEMBER 7, 2000 IN BOOK 11774 AT PAGE 677, MECKLENBURG COUNTY
REGISTRY.

 Appeal by petitioner from order filed 4 April 2015 by Judge William R. Bell in

Mecklenburg County Superior Court and from order filed 15 June 2015 by Judge

Forrest D. Bridges in Mecklenburg County Superior Court. Consolidated appeals

heard in the Court of Appeals 29 March 2016.

 Katten Muchin Rosenman LLP, by Rebecca K. Lindahl, for appellant
 Household Realty Corporation.

 Sellers, Ayers, Dortch & Lyons, P.A., by Robert C. Dortch, Jr., of counsel, for
 appellee Wedgewood North Homeowners Association, Inc.

 The Garis Law Firm, by Jeffrey I. Garis, for appellee Select Transportation
 Services LLC.

 McCULLOUGH, Judge.

 Household Realty Corporation (“Household”) appeals from order denying its

motion to set aside the foreclosure in file number 13-SP-272 and granting Select
 IN RE: GARRETT

 Opinion of the Court

Transportation Services LLC’s (“STS”) motion to set aside the foreclosure in file

number 13-SP-3311. Household also appeals from a separate order awarding STS

attorney’s fees. For the following reasons, we affirm in part and vacate and remand

in part.

 I. Background

 As evidence of a debt owed by Ian and Susan Garrett (the “Garretts”) to

Household, on 30 November 2000, the Garretts executed a note in favor of Household

secured by a deed of trust for property located at 8506 Piccone Brook Lane in

Charlotte, North Carolina (the “property”), a single family residence in a community

subject to the North Carolina Planned Community Act (the “PCA”), N.C. Gen. Stat. §

47F-1-101 et seq. The deed of trust was recorded in the Mecklenburg County Register

of Deeds on 7 December 2000.

 Due to the Garretts’ default in the payment of assessments and other charges

levied by Wedgewood North Homeowners Association, Inc. (“HOA”), on 29 June 2010,

HOA filed and recorded a “Claim of Lien” on the property. HOA then initiated

foreclosure proceedings, during which HOA’s agent, JMA Holdings, LLC (“JMA”),

purchased the property at public auction on 19 October 2010 for $2,486.25. An

“Association Lien Foreclosure Deed” conveying the property to JMA was made on

11 November 2010 and recorded on 23 December 2010. By a non-warranty deed

recorded on 27 July 2011, JMA conveyed the property to HOA. Upon the payment of

 -2-
 IN RE: GARRETT

 Opinion of the Court

the past due assessments, HOA later conveyed the property to Household by non-

warranty deed recorded on 29 September 2011. The non-warranty deed conveying

the property to Household designated Household as the grantee as follows:

 Household Realty Corporation
 c/o HSBC Bank USA
 2929 Walden Avenue
 Erie, NY 14043

 Due to Household’s default in the payment of assessments and other charges

levied by HOA, on 3 January 2013, HOA filed and recorded a “Claim of Lien” on the

property and initiated foreclosure proceedings in file number 13-SP-272 (the “HOA

Foreclosure”). “Notice of Hearing Prior to Foreclosure of Claim of Lien” in the HOA

Foreclosure was filed on 9 January 2013. Following a hearing on 22 February 2013,

the Assistant Clerk of Superior Court issued an “Order Permitting Foreclosure of

Claim of Lien” in the HOA Foreclosure. The property was purchased at public auction

by Universal Funding, Inc. (“Universal”), for $2,400.00 on 28 March 2013. An

“Association Lien Foreclosure Deed” conveying the property to Universal was made

on 12 April 2013 and recorded on 31 May 2013. By non-warranty deed made on

3 June 2013 and recorded on 12 June 2013, Universal conveyed the property to STS.

Final affidavits and reports regarding the HOA Foreclosure were filed on

6 June 2013.

 However, before Universal conveyed the property to STS, Household initiated

separate foreclosure proceedings in file number 13-SP-3311 on the deed of trust

 -3-
 IN RE: GARRETT

 Opinion of the Court

executed by the Garretts (the “Household Foreclosure”). A “Notice of Hearing” in the

Household Foreclosure was filed on 8 May 2013 and an “Amended Notice of Hearing”

was filed on 31 May 2013. Following a hearing, on 21 August 2013, the Assistant

Clerk of Superior Court issued an “Order to Allow Foreclosure Sale” in the Household

Foreclosure. STS was never provided notice of the hearing. Trustee Services of

Carolina, LLC, conducted a sale of the property at public auction on

18 September 2013 in the Household Foreclosure. Household was the highest bidder,

purchasing the property for $160,421.18. A notice of appeal of the order of foreclosure

in the Household Foreclosure was filed 20 September 2013 and bond on appeal was

set at $2,000.00. The bond was posted that same day and the Household Foreclosure

was stayed pending resolution of the appeal. It is unclear who appealed the order of

foreclosure because the signature on the notice of appeal is illegible. However, in a

motion to dismiss the appeal as untimely filed by Household on 8 October 2013,

Household indicates the Garretts filed the appeal. Household’s motion to dismiss the

appeal came on for hearing and was granted on 12 November 2013. By “Substitute

Trustee’s Deed” made on 5 March 2014 and recorded on 7 March 2014, Household

was conveyed title to the property. Final affidavits and reports regarding the

Household Foreclosure were filed on 7 March 2014.

 Months later, on 20 October 2014, STS filed a Rule 60(b) motion to set aside

and vacate the Household Foreclosure and the substitute trustee’s deed conveying

 -4-
 IN RE: GARRETT

 Opinion of the Court

the property to Household. STS asserted the doctrine of merger and lack of proper

notice as grounds to set aside the Household Foreclosure. STS also requested

attorney’s fees in its motion.

 On 16 December 2014, Household filed its own Rule 60(b) motion to set aside

the HOA Foreclosure, a response to STS’s motion to set aside and vacate the

Household Foreclosure and substitute trustee’s deed, and a motion to consolidate the

Rule 60(b) motions for hearing. In their response to STS’s motion, Household claimed

it first learned of the HOA Foreclosure when it was served with STS’s motion to set

aside the Household Foreclosure.

 The motions came on for hearing in Mecklenburg County Superior Court before

the Honorable William R. Bell on 28 January 2015. On 4 April 2015, the trial court

entered an order granting STS’s motion to set aside and vacate the Household

Foreclosure and substitute trustee’s deed in file number 13-SP-3311 and denying

Household’s motion to set aside the HOA Foreclosure in file number 13-SP-272 (the

“Rule 60(b) Order”). The order left the issue of reasonable legal expenses and

attorney’s fees to be determined at a later hearing. Household filed notice of appeal

from the Rule 60(b) Order on 1 May 2015.

 Notice of a hearing on STS’s motion for attorney’s fees was filed 26 March 2015,

and the matter came on for hearing as scheduled in Mecklenburg County Superior

Court before the Honorable Forrest D. Bridges on 18 April 2015. On 15 June 2015,

 -5-
 IN RE: GARRETT

 Opinion of the Court

the trial court entered an order awarding STS attorney’s fees pursuant to N.C. Gen.

Stat. § 6-21.5 and N.C. Gen. Stat. § 1A-1, Rule 11(a) (the “Fees Order”). Household

filed notice of appeal from the Fees Order on 2 July 2015.

 Household’s appeals from the Rule 60(b) Order and the Fees Order were

consolidated for appeal by order of this Court on 1 March 2016.

 II. Discussion

 Household’s appeal from the Rule 60(b) order in COA15-1083 concerns the trial

court’s ruling on Rule 60(b) motions for relief from judgment or order pursuant to

subsections (3), (4), and (6) of that rule. Those subsections of Rule 60(b) provide for

relief from judgment or order as follows:

 On motion and upon such terms as are just, the court may
 relieve a party or his legal representative from a final
 judgment, order, or proceeding for the following reasons:

 ....

 (3) Fraud (whether heretofore denominated intrinsic or
 extrinsic), misrepresentation, or other misconduct of an
 adverse party;

 (4) The judgment is void;

 ....

 (6) Any other reason justifying relief from the operation of
 the judgment.

N.C. Gen. Stat. § 1A-1, Rule 60(b) (2015). “[A] motion for relief under Rule 60(b) is

addressed to the sound discretion of the trial court and appellate review is limited to

 -6-
 IN RE: GARRETT

 Opinion of the Court

determining whether the court abused its discretion.” Sink v. Easter, 288 N.C. 183,

198, 217 S.E.2d 532, 541 (1975). “A judge is subject to reversal for abuse of discretion

only upon a showing by a litigant that the challenged actions are manifestly

unsupported by reason.” Clark v. Clark, 301 N.C. 123, 129, 271 S.E.2d 58, 63 (1980).

 Household challenges both the denial of its motion to set aside the HOA

Foreclosure and the grant of STS’s motion to set aside and vacate the Household

Foreclosure and substitute trustee’s deed.

 Household’s appeal from the Fees Order in COA15-1118 concerns the trial

court’s award of fees to STS. We address the Fees Order after the Rule 60(b) Order.

 Denial of Household’s Motion to Set Aside the HOA Foreclosure

 We first address the trial court’s denial of Household’s motion to set aside the

HOA Foreclosure. Household contends the trial court erred in denying its motion to

set aside the HOA Foreclosure under Rule 60(b)(4) because the HOA Foreclosure is

void for lack of proper service. See Van Engen v. Que Scientific, Inc., 151 N.C. App.

683, 689, 567 S.E.2d 179, 184 (2002) (“A judgment or order rendered without an

essential element such as jurisdiction or proper service of process is void.” (alterations

omitted)).

 Under the PCA, “[an] association . . . may foreclose a claim of lien in like

manner as a mortgage or deed of trust on real estate under power of sale, as provided

in Article 2A of Chapter 45 of the General Statutes, if the assessment remains unpaid

 -7-
 IN RE: GARRETT

 Opinion of the Court

for 90 days or more.” N.C. Gen. Stat. § 47F-3-116(f) (2015). Article 21 of Chapter 45

of the General Statutes provides, in pertinent part, as follows:

 After the notice of hearing is filed, the notice of hearing
 shall be served upon each party entitled to notice under
 this section. The notice shall specify a time and place for
 the hearing before the clerk of court and shall be served not
 less than 10 days prior to the date of such hearing. The
 notice shall be served and proof of service shall be made in
 any manner provided by the Rules of Civil Procedure for
 service of summons, including service by registered mail or
 certified mail, return receipt requested. . . .

N.C. Gen. Stat. § 45-21.16(a) (2015). Under the Rules of Civil Procedure, service upon

a domestic or foreign corporation may be accomplished by the following:

 a. By delivering a copy of the summons and of the
 complaint to an officer, director, or managing agent of the
 corporation or by leaving copies thereof in the office of such
 officer, director, or managing agent with the person who is
 apparently in charge of the office.

 b. By delivering a copy of the summons and of the
 complaint to an agent authorized by appointment or by law
 to be served or to accept service of process or by serving
 process upon such agent or the party in a manner specified
 by any statute.

 c. By mailing a copy of the summons and of the
 complaint, registered or certified mail, return receipt
 requested, addressed to the officer, director or agent to be
 served as specified in paragraphs a and b.

 d. By depositing with a designated delivery service
 authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the
 summons and complaint, addressed to the officer, director,
 or agent to be served as specified in paragraphs a. and b.,
 delivering to the addressee, and obtaining a delivery
 receipt. As used in this sub-subdivision, “delivery receipt”

 -8-
 IN RE: GARRETT

 Opinion of the Court

 includes an electronic or facsimile receipt.

N.C. Gen. Stat. § 1A-1, Rule 4(j)(6) (2015).

 In the HOA Foreclosure, the “Notice of Hearing Prior To Foreclosure of Claim

of Lien” filed on 9 January 2013 indicated it was to Household “by serving its Officer,

Director, or Managing Agent” at both the property, “8506 Piccone Brook Lane,

Charlotte, NC 28216,” and “c/o HSBC Bank USA, 2929 Walden Avenue, Erie, NY

14043.” On 22 February 2013, counsel for HOA filed an affidavit showing attempted

service on Household at the two addresses indicated on the notice. HOA’s counsel

further indicated in the affidavit that reasonable attempts to ascertain Household’s

current address were made and the addresses used were believed to be the last known

addresses for Household. Return receipts attached to the affidavit showed that the

notice mailed to the property was returned marked “vacant” and the notice mailed to

the New York address was received on 12 January 2013. Following a hearing on

22 February 2013, the Assistant Clerk of Superior Court issued an “Order Permitting

Foreclosure of Claim of Lien” in the HOA Foreclosure. In that foreclosure order, the

Assistant Clerk found that “[n]otice of this [h]earing has been served on the record

owners of real estate and to all persons against whom the [HOA] intends to assert

liability for the debt as required [by] Chapter 45 of the North Carolina General

Statutes and Rule 4 of the North Carolina Rules of Civil Procedure.”

 Thereafter, upon review of Household’s Rule 60(b) motion and arguments, the

trial court found as follows regarding service in the HOA Foreclosure:

 -9-
 IN RE: GARRETT

 Opinion of the Court

 9. Notice of the [HOA Foreclosure] resulting in the
 deed to Universal was mailed to Household as follows:

 Household Realty Corporation
 by serving its Officer, Director, or Managing Agent
 c/o HSBC Bank USA
 2929 Walden Avenue
 Erie, NY 14043

 10. At the time of the [HOA Foreclosure], Household
 maintained a registered agent for service of process in
 North Carolina and a principal office in Mettawa, Illinois.

 Household recognizes the trial court’s findings regarding service and does not

dispute those findings, but instead contends the trial court erred in failing to issue a

conclusion that service was proper. Household further contends service was not

proper under Rule 4(j)(6) and, therefore, the HOA Foreclosure is void. Household

specifically asserts that the New York address to which service was made was HSBC

Bank USA’s records department and not the office of a Household officer, director, or

managing agent. Household also points out that it had a registered agent in North

Carolina at the time of the HOA Foreclosure.

 While Household may have had a registered agent in North Carolina that could

have been served, that does not mean service was not proper to an officer, director,

or managing agent, c/o HSBC Bank USA, to the New York address. The affidavit

filed by HOA’s counsel describes the attempts made to locate Household. Ultimately,

HOA’s counsel settled on service at the address of the property and the New York

address. Upon review of the record, it is not clear that service to the New York

 - 10 -
 IN RE: GARRETT

 Opinion of the Court

address was not proper service upon an “officer, director, or managing agent” given

that HOA was instructed to send the deed conveying the property to Household to

the New York address and the New York address was used to provide notice to

Household on other occasions.

 Household acknowledges that it once asked HOA to send a copy of a recorded

deed to the New York address; but Household contends that request did not empower

HOA to serve process to the New York address. In support of its argument,

Household cites Fulton v. Mickle, 134 N.C. App. 620, 518 S.E.2d 518 (1999), for the

proposition that service upon a claims examiner with whom the plaintiff had

communicated about the case was not proper service on the insurance company under

Rule 4(j)(6). The present case, however, is easily distinguishable from Fulton. In

Fulton, this Court held that the service was defective in two respects: “First, the

process was not sent certified or registered mail, return receipt requested, and

second, the process was not addressed to an officer, director, or agent authorized to

receive service of process.” Id. at 624, 518 S.E.2d at 521. Unlike in Fulton, service in

the present case was by certified mail, return receipt requested, and addressed to

“Household Realty Corporation by serving its Officer, Director, or Managing Agent.”

The return receipt was signed as received on 12 January 2013. Thus, the decisive

factors in Fulton are not present in this case. Moreover, besides the acknowledged

communications directing the deed to be sent to the New York address, the deed

 - 11 -
 IN RE: GARRETT

 Opinion of the Court

recorded on 29 September 2011 conveying the property from HOA to Household

designated Household as the grantee with the New York address as follows:

 Household Realty Corporation
 c/o HSBC Bank USA
 2929 Walden Avenue
 Erie, NY 14043.

This is also the same New York address where the substitute trustee in the

Household Foreclosure served Household, as indicated in the substitute trustee’s

affidavit of service. The return receipts in both the HOA Foreclosure and the

Household Foreclosure appear to be signed as received by the same individual at the

New York address.

 Given the use of the New York address on the deed and to serve Household on

other occasions, service on Household in the HOA Foreclosure was not improper.

Thus, the trial court did not err in denying Household’s motion to set aside the HOA

Foreclosure.

 Additionally, we note that it appears Household’s motion is barred by a PCA

provision validating certain foreclosure proceedings. That provision provides as

follows:

 [A]ll nonjudicial foreclosure proceedings commenced by an
 association before October 1, 2013, and all sales and
 transfers of real property as part of those proceedings
 pursuant to the provisions of this Chapter or provisions
 contained in the declaration of the planned community, are
 declared to be valid, unless an action to set aside the
 foreclosure is commenced on or before October 1, 2013, or
 within one year after the date of the sale, whichever occurs

 - 12 -
 IN RE: GARRETT

 Opinion of the Court

 last.

N.C. Gen. Stat. § 47F-3-116.1 (2015).

 In the HOA Foreclosure, HOA filed and recorded a claim of lien on

3 January 2013 and then filed notice of foreclosure on 9 January 2013. The property

was sold at public auction on 28 March 2013 and the deed conveying the property to

Universal was made 12 April 2013 and recorded 31 May 2013. Final affidavits and

reports concerning the HOA Foreclosure were filed 6 June 2013. Household did not

file its motion to set aside the HOA Foreclosure until 16 December 2014.

 The language of the statute is unambiguous and serves to validate the HOA

Foreclosure “one year after the date of sale.” As a result, Household’s motion to set

aside the HOA Foreclosure was untimely.

 Household expressly acknowledges that more than one year elapsed between

the HOA Foreclosure and the filing of its motion to set aside. Household, however,

contends that the legislative history of the statute indicates the statute was not

intended to bar a motion to set aside a foreclosure sale for lack of notice. Household

also relies on Howell v. Treece, 70 N.C. App. 322, 319 S.E.2d 301 (1984), in which we

held the one-year statute of limitations on motions to reopen or set aside judgments

in tax foreclosure actions did not bar the plaintiff’s subsequent action where the

plaintiff did not receive notice of the foreclosure because a lapse of time could not

satisfy the demands of due process. Id. at 326-27, 319 S.E.2d 303-304. Having

already determined notice was proper, we are not persuaded by either of Household’s

 - 13 -
 IN RE: GARRETT

 Opinion of the Court

arguments against application of N.C. Gen. Stat. § 47F-3-116.1. The trial court did

not err in denying Household’s motion to set aside the HOA Foreclosure.

 Grant of STS’s Motion to Set Aside the Household Foreclosure

 We next address the trial court’s grant of STS’s motion to set aside and vacate

the Household Foreclosure and substitute trustee’s deed. Household contends “STS’s

motion was granted under Rule 60(b)(6) because of the doctrine of merger[]” and,

therefore, STS cannot argue service was improper in the Household Foreclosure.

Household then asserts the trial court’s denial of STS’s motion based on the doctrine

of merger is erroneous because STS did not have standing to challenge the Household

Foreclosure and the doctrine of merger is inapplicable in the present case.

Household’s arguments, in part, are based on its overruled assertion that the HOA

Foreclosure is void.

 While the trial court did address merger in its conclusions, noting that “merger

extinguished Household’s right to foreclose against any future owner of the

[p]roperty[,]” it does not appear that that was the sole basis of the trial court’s grant

of STS’s motion. In the order the trial court issued the following findings:

 14. Universal acquired the Property by an Association
 Lien Foreclosure Deed which was recorded with the
 Mecklenburg County Registry on May 31, 2013.

 15. STS acquired the Property from Universal through
 a Non-Warranty Deed which was recorded with the
 Mecklenburg County Registry on June 3, 2013.

 - 14 -
 IN RE: GARRETT

 Opinion of the Court

 16. Household failed to notice either of the subsequent
 owners, Universal or STS regarding the Foreclosure
 proceeding that they had filed on August 21, 2013 (the
 “Household Foreclosure”).

The trial court then issued the following conclusions:

 3. The [m]ovant, STS, had standing to file its motion
 on the grounds that it was the current owner of the
 [p]roperty at the time of the Household Foreclosure and is
 still the current owner.

 ....

 5. As the Garretts were not the record owners of the
 [p]roperty at the time of the Household Foreclosure, the
 Household Foreclosure was invalid and void and therefore,
 should be set aside and vacated.

 Based on these findings and conclusions, we overrule Household’s argument

that the trial court erred in granting STS’s motion to set aside and vacate the

Household Foreclosure and substitute trustee’s deed and we do not address the

merger portion of the trial court’s order. Having upheld the trial court’s denial of

Household’s motion to set aside the HOA Foreclosure, STS was the owner of the

property and was not noticed in the Household Foreclosure. Therefore, the above

conclusions of the trial court are correct and the trial court did not err in granting

STS’ motion to set aside and vacate the Household Foreclosure and substitute

trustee’s deed.

 The trial court’s 4 April 2015 order denying Household’s motion and granting

STS’s motion is affirmed.

 - 15 -
 IN RE: GARRETT

 Opinion of the Court

 Attorney’s Fees

 Concerning the trial court’s award of attorney’s fees to STS, Household

contends the trial court erred in awarding fees because there was not proper notice

of the bases for fees and because there was not a complete absence of justiciable

issues. Our review of the matter is based solely on the record before this Court.

 The record shows that STS first asserted its request for attorney’s fees in its

Rule 60(b) motion to set aside and vacate the Household Foreclosure and substitute

trustee’s deed. In the motion, STS simply requested in its prayer for relief that it “be

granted all reasonable legal expenses and attorney’s fees from ‘Household[.]’ ” As

indicated above, the trial court reserved the issue of attorney’s fees for a subsequent

hearing when it issued the Rule 60(b) Order. Thereafter, STS gave notice of a hearing

that provided only that “the Presiding Judge will hear the claim of relief of the

Plaintiff as set forth in the Motion, a copy of which has been served upon you along

with this Notice of Hearing.” Following a hearing on 28 April 2015, the trial court

entered an order awarding attorney’s fees pursuant to N.C. Gen. Stat. § 6-21.5 and

N.C. Gen. Stat. § 1A-1, Rule 11(a).

 Household now argues STS failed to assert the bases of the request for

attorney’s fees in advance of the hearing as required by N.C. Gen. Stat. § 1A-1, Rule

7(b)(1), which provides as follows:

 An application to the court for an order shall be by motion
 which, unless made during a hearing or trial or at a session

 - 16 -
 IN RE: GARRETT

 Opinion of the Court

 at which a cause is on the calendar for that session, shall
 be made in writing, shall state with particularity the
 grounds therefor, and shall set forth the relief or order
 sought. The requirement of writing is fulfilled if the motion
 is stated in a written notice of the hearing of the motion.

N.C. Gen. Stat. § 1A-1, Rule 7(b)(1) (2015) (emphasis added). Household contends

STS never narrowed the possible bases for its request for attorney’s fees and,

therefore, it was not prepared to defend an assertion of Rule 11 sanctions.

Furthermore, Household contends STS never requested attorney’s fees pursuant to

N.C. Gen. Stat. § 6-21.5, which provides in pertinent fart as follows:

 In any civil action, special proceeding, or estate or trust
 proceeding, the court, upon motion of the prevailing party,
 may award a reasonable attorney’s fee to the prevailing
 party if the court finds that there was a complete absence
 of a justiciable issue of either law or fact raised by the
 losing party in any pleading.

N.C. Gen. Stat. § 6-21.5 (2015).

 In response to Household’s arguments, STS contends the bases of its fee’s

request was made known during the hearing on attorney’s fees.

 Without addressing the merits of STS’s arguments, we vacate the Fees Order

and remand the attorney’s fees issue to the trial court for a new hearing. The record

before this Court, which is devoid of the 28 April 2015 hearing transcript, is unclear

when and which bases for attorney’s fees were asserted by STS. Additionally, the

Fees Order is not entirely clear. The trial court found that “STS raised four statutory

bases for an award of attorneys’ fees in the instant motion[.]” Yet, there is no such

 - 17 -
 IN RE: GARRETT

 Opinion of the Court

motion in the record before this Court. Furthermore, in the same finding citing “four

statutory bases,” the trial court lists only three bases. Those bases listed do not

include N.C. Gen. Stat. § 6-21.5, one of the bases on which the trial court ultimately

determined fees should be awarded. Where the record is not clear, we will not

surmise what happened below or what the trial court intended in its order.

 III. Conclusion

 For the reasons discussed we affirm the trial court’s denial of Household’s Rule

60(b) motion and affirm the grant of STS’s Rule 60(b) motion. We vacate the Fees

Order and remand for a new hearing.

 AFFIRMED IN PART, VACATED AND REMANDED IN PART.

 Judges BRYANT and STEPHENS concur.

 - 18 -